PIERCE, Judge.
This is an appeal by appellant Donald Harold Bartz from an order entered by the Hardee County Circuit Court summarily denying without evidentiary hearing his motion filed under CrPR 1.850, 33 F.S.A. to vacate a previous judgment of conviction and sentence to twenty years imprisonment imposed by the same Court upon a plea of guilty to a criminal offense, a direct appeal from which judgment had been affirmed by this 2nd District Court.
In the current motion to vacate, defendant Bartz contends that when he was originally arrested he was taken to the Har-dee County jail and while there was in *8 terrogated by officers without being advised of his right to counsel. There is no' merit to this contention since he pleaded guilty to the charge and none of the evidence obtained as result of such alleged improper questioning was used against him. The second contention in his motion to vacate, namely, that he was subjected to an illegal search, is likewise without merit and for the same reason.
The third and last contention in the motion, however, presents a situation of such fundamental import that the trial Court should have conducted an eviden-tiary hearing thereon, and failure so to do constituted reversible error. Allowing for the usual lapses of spelling, grammar, punctuation, etc., that invariably pervade such motions by indigent prisoners, the motion in substance alleges that on February 21, 1966, after his original arrest on the charge, and also on other occasions while waiting for trial, Bartz conferred with the Public Defender assigned to his case and, being an outsider and without funds, he was led to believe he wouldn’t “stand a chance against the State Attorney, that a ‘deal’ had been talked over between the Public Defender, the State Attorney, and the Judge, and that an agreement had been made”; that the substance of the agreement was that if Bartz would change his plea from not guilty to guilty “probation to the State of Michigan would be granted”, also that his daughter, who had been previously “taken into custody on a Court order” would be released from custody; that he was “asked to sign a waiver of jury trial, being told it was necessary or else there could be no deal”; that he therefore signed the waiver “in a small room in the county jail with only the Court appointed counsel present”; that because of such “misleading advice and trickery” he entered a plea of guilty, but instead of getting probation was sentenced to twenty years in prison.
The above motion to vacate was filed on April 19, 1968. The Court order of denial was entered on July 2, 1968, which recites that other motions were filed on June 7, 1968, and on July 1, 1968, but the latter motions are not in the record before us and are not considered. The order states: “The file minutes and record in this case reflects that the defendants motions are without merit and they are hereby denied.”
Inasmuch as no evidentiary hearing was held on the motion of April 19, 1968, the substance of the allegations therein must be accepted as true for purpose of testing propriety of the summary order of denial. When so tested, we are impelled to the view that sufficient facts appeared in the motion to have required an answer by the State Attorney, and if denied, a hearing at which Bartz would have opportunity to present evidence to sustain, if he could, his allegations of fact, the substance of which has been before narrated.
 The issue presented here is ruled by our opinion in Reddick v. State, Fla.App. 1966, 190 So.2d 340. Reddick pleaded guilty to first degree murder upon a misapprehension that, if the State Attorney would recommend mercy, he would get life imprisonment from the Judge; which misapprehension was to some extent participated in by the Judge. Reddick got the recommendation from the State Attorney, but got the death penalty from the Judge. We reversed an order of the trial Judge denying a motion for relief under then Rule 1, and in so doing laid down the following rule:
“A plea of guilty must be entirely voluntary by one competent to know the consequences, and may not be induced by any form of undue motivation, among which are misapprehension and coercion. Canada v. State, 1940, 144 Fla. 633, 198 So. 220; Artigas v. State, 1940, 140 Fla. 671, 192 So. 795; Rubenstein v. State, Fla. 1951, 50 So.2d 708; Asbey v. State, Fla.App.1958, 102 So.2d 407; Hill v. State, Fla.App.1959, 110 So.2d 464; Rob *9 erts v. State, Fla.App.1962, 142 So.2d 152; Blake v. State, Fla.App.1965, 171 So.2d 207. And even a slight undue motivation will invalidate such a plea; it must be ‘without semblance’ of such influence. Clay v. State, 1921, 82 Fla. 83, 89 So. 353; Casey v. State, 1934, 116 Fla. 3, 156 So. 282; Nickels v. State, 1923, 86 Fla. 208, 98 So. 497, 99 So. 121; Brown v. State, 1926, 92 Fla. 592, 109 So. 627.” (Emphasis in text).
In the case sub judice, the State contends in brief that Bartz was never promised by any prosecuting official either probation or a lighter sentence, but that his sole discussions were with the Public Defender. But the allegations of the motion, fairly construed, are distinctly to the effect that Bartz, through his conferences with the Public Defender assigned to represent him, was led to believe that “the terms of a deal had been talked over between the Public Defender, States Attorney and Judge, and that an agreement had been made” and that “probation to the State of Michigan would be granted”. It is true that the motion does not disclose that Bartz had any discussions with anyone except the Public Defender as his attorney, but the same was true in Reddick. Reddick only had verbal contact with his counsel.
In our opinion there should be an evidentiary hearing on the instant motion to vacate, properly confined and restricted to the one proposition of alleged misapprehension herein discussed. In doing so, we repeat what we have previously said in similar cases, where we have reversed for an evidentiary hearing, that if the evidence at such hearing should develop, to the satisfaction of the trial Judge, that there was no basis or foundation in fact whatever for the sworn allegations as made, we would strongly recommend consideration by the trial Court or the State Attorney of either prosecution for perjury or citation for contempt, or both.
The order appealed from is thereupon reversed, with directions to the trial Judge to have an evidentiary hearing, restricted as aforesaid.
Reversed.
HOBSON, Acting C. J., and McNULTY, J., concur.