PER CURIAM,
Appellant attorney was held in direct criminal contempt for conduct which occurred during the criminal trial of his client. We reverse.
*610 The record reveals that while appellant was vigorously defending his client the court overruled one of appellant’s objections and warned him not to contest the ruling any further or he would be held in contempt. Appellant made a further remark which the court construed as an argument with the ruling, and the court announced:
“THE COURT: That just cost you $50, Mr. Garber. You are hereby fined $50 for contempt of court. You may pay the Clerk. You may pay him at the end of the trial, or you will stay in the County Jail until you do pay him.”
We have considerable doubt that the conduct of the attorney was contemptuous. However, it is unnecessary to reach that issue. Here the court failed to comply with the requirements of RCrP 3.830 which requires that prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt. The rule also requires the defendant be given the opportunity to present evidence of excusing or mitigating circumstances. We have held on several occasions that compliance with this rule is mandatory. Mathis v. State, Fla.App.2d 1975, 317 So.2d 778; Speller v. State, Fla.App.2d 1974, 305 So.2d 231.
Accordingly, the judgment and sentence of the trial court is REVERSED.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.