McCORD, Judge.
Appellant appeals the order of the trial court denying his motion filed under Fla.R. Crim.P. 3.850 seeking to have vacated the judgment and sentence for aggravated assault. We have considered the briefs and record as to the appeal from the court’s denial of appellant’s motion and find no error.
In addition appellant appeals his conviction for contempt of court and the four-month consecutive sentence therefor imposed by the trial judge at the conclusion of the hearing on appellant’s aforesaid motion. At the conclusion of the hearing on appellant’s motion, the trial court, without previous notice, stated as follows:
“It is further found by this Court, the defendant has filed pleadings that are misrepresentations of facts and possible perjury has been committed by this defendant in the testimony that he has given today; at the time of taking of his plea, as reflected by the record of January 5, 1976; and for the misrepresentations to this Court in his motion as filed; the representations that he made to the Court at the time the plea was taken; and his testimony taken under oath, today, finds this defendant in contempt and sentences him to four months in the County Jail, said four months to run consecutive to Docket Number 75-925-A, imposed upon this defendant on April the 12th, 1976.”
The state further points out that in Bartz v. State, 221 So.2d 7 (Fla. 2 DCA 1969), the District Court of Appeal, Second District, in remanding for an evidentiary hearing on a motion filed under Fla.R.Crim.P. 1.850 (the predecessor to Rule 3.850), stated:
“In our opinion there should be an evi-dentiary hearing on the instant motion to vacate, properly confined and restricted to the one proposition of alleged misapprehension herein discussed. In doing so, we repeat what we have previously said in similar cases, where we have reversed for an evidentiary hearing, that if the evidence at such hearing should develop, *610 to the satisfaction of the trial Judge, that there was no basis or foundation in fact whatever for the sworn allegations as made, we would strongly recommend consideration by the trial court or the State Attorney of either prosecution for perjury or citation for contempt, or both.”
The state apparently contends that the trial judge in the case sub judice correctly followed the recommendations of the District Court of Appeal, Second District, in Bartz. There the court recommended a “citation for contempt.”
It appears that if appellant’s actions constituted contempt of court, such would fall under Fla.R.Crim.P. 3.830 — Direct Criminal Contempt. That rule provides as follows:
“A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.”
We do not at this point rule upon the question of whether or not appellant’s actions constituted contempt. The procedure required by the aforesaid rule was not followed by the trial court. It is necessary that such procedure be followed in order to afford due process to appellant. The judgment and sentence for contempt of court is therefore vacated.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
RAWLS, Acting C. J., concurs.
SMITH, J., dissents in part.