354 So.2d 438 (1978)
Jeffrey WARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-389.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Rehearing Denied February 17, 1978.
*439 Philip Carlton, Jr. and Thomas A. Wills, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
The appellant, Jeffrey Ward, is an attorney. He appeals a judgment of the trial court finding him guilty of direct contempt of court "for pursuing a line of questioning ordered inadmissible by the court." He was sentenced to pay a fine of $100.00 and to write "I will not disobey the direct order of a judge" one thousand times. On this appeal, it is urged that the evidence is insufficient to sustain a finding of direct criminal contempt and that so much of the sentence as provides for punishment other than the fine is an abuse of discretion. We affirm the judgment but reverse that portion of the sentence which is appealed.
The record sustains the position of the State that in spite of the trial court's directive to the contrary, Mr. Ward as an attorney for a defendant in a criminal case, insisted on questioning prospective jurors on a subject the court had previously held to be improper during voir dire examination. At the contempt hearing, Mr. Ward did not deny the factual occurrences but insisted that his motive was proper and that he was not intentionally contemptuous of the court.
A disclaimer of intent to be contemptuous is not sufficient to deprive the court of the power to punish contempt. See Cormack v. Coleman, 120 Fla. 1, 161 So. 844 (1935); and Wilson v. Joughin, 105 Fla. 353, 141 So. 182 (1932). The orderly conduct of a trial requires that a defendant and his attorney obey the rulings of the trial judge and appeal those rulings which are objectionable. A refusal to obey the rulings of the trial judge on the ground that the ruling is improper may result in the inability of the courts to administer justice.
The appellant further urges that the record does not support the trial court's finding that he intended to transgress the court's order. A determination of the facts and inferences to be drawn therefrom is necessarily left to the trial judge. See State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946). Such findings will not be set aside when reasonably supported by the facts appearing in the record. See the principle of law in Paul's Drugs, Inc. v. Southern Bell Tel. & Tel. Co., 175 So.2d 203 (Fla.3d DCA 1965). The record before us amply supports the finding of the trial judge that Mr. Ward's determination to proceed as he thought proper was undertaken despite the trial judge's admonition. The judgment will be affirmed.
So much of the sentence as provides for punishment other than the fine is improper in this case. If contrived to instill contriteness, it is unnecessary; if for any other purpose, it is an abuse of discretion. See State ex rel. Saunders v. Boyer, 166 So.2d 694 (Fla.2d DCA 1964).
Accordingly, the judgment is affirmed and the sentence is amended by striking the punishment other than the fine, which is affirmed.
Affirmed in part; reversed in part.