380 So.2d 548 (1980)
Charles E. HOLDEN and T.C. Green, Appellants,
v.
STATE of Florida, Appellee.
No. 79-1869.
District Court of Appeal of Florida, Second District.
February 27, 1980.
*549 Jack O. Johnson, Public Defender, and Charles L. Stutts, Asst. Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
The trial judge found Green and Holden guilty of direct criminal contempt for refusal to testify and sentenced each to six months in jail. The refusal to testify occurred when Green and Holden were called as State's witnesses in a four-count prosecution against a third person for receiving and concealing stolen property. Since the defense counsel had no prior opportunity to question Green or Holden, the court allowed counsel to interview them out of the jury's hearing "in the nature of discovery." The court assured both witnesses not to be concerned with possible retribution by the defendant.
Pursuant to questioning by defense counsel and the court, Green and Holden each stated he could not recall selling any property to the defendant. Holden stated that he remembered making a statement two years before. After reading a copy of the statement, he stated that he did not remember saying that he sold property to defendant. Green, at first, stated that he did not recall making a statement nor did he recall selling property to the defendant. After listening to a tape of the prior statement, Green said that he may have made the statement to get out of trouble, but he did not remember to whom he had sold any stolen property.
Immediately after appellants testified the judge found each guilty of contempt and sentenced each to six months in jail.
Appellants contend that the judgments and sentences should be reversed because the judge did not follow the procedures required by Florida Rule of Criminal Procedure 3.830:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
The law in Florida is clear; compliance with the procedural safeguards contained in Florida Rule of Criminal Procedure 3.830 is mandatory. Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978); Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977); *550 Duncan v. State, 349 So.2d 723 (Fla. 4th DCA 1977); Ledlow v. State, 346 So.2d 609 (Fla. 1st DCA 1977).
Based on the court's failure to comply with these procedures, we reverse the judgments and sentences and remand to allow Green and Holden a hearing so as to conform with Rule 3.830.
BOARDMAN and DANAHY, JJ., concur.