471 So.2d 620 (1985)
Dennis WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1616.
District Court of Appeal of Florida, Fifth District.
June 20, 1985.
*622 Dennis Wells, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment punishing appellant, a lawyer, for contempt of court. The judgment required the payment of a small fine for direct criminal contempt for willful violation of a direct order limiting the time for final argument in a jury trial.
Appellant was an assistant public defender representing a person accused of aggravated assault. At the conclusion of the testimony the trial judge inquired of both lawyers as to how much time they wanted for final argument. The dialogue between the two lawyers and the judge appears on the record as follows:
THE COURT: Okay. How much time do you think you'll need? You have opening and closing, Miss Sedgwick.
MS. SEDGWICK: I don't think any more than fifteen minutes.
THE COURT: All right. What about you, sir?
MR. WELLS: I'm going to need more, probably, Judge.
THE COURT: How much time?
MR. WELLS: I anticipate twenty to twenty-five.
THE COURT: I'll give each of you twenty minutes, and I'll give you a five-minute warning. Miss Sedgwick, you can divide your time any way you like. At the end of five minutes I expect you will stop and sit down.
MR. WELLS: May I go ahead and tell Your Honor, I'm going to do my best to comply with what you've told me. I know you're shaking your head, no. But I'll have to do it.
THE COURT: Yes, sir.
MR. WELLS: However, if I'm in the middle of my argument and I haven't been able to substantially represent my client, I want to inform the Court that I will ask for a mistrial.
THE COURT: What you're telling me, that after having been told not to talk longer and you elect to talk longer, that you should get a mistrial because you elect to talk longer?
MR. WELLS: No, sir.
THE COURT: Well, sir, you have been instructed that that is the time that you will have. As an attorney I think you are bound by some reasonable instructions from the Court. You said twenty or twenty-five minutes. And I instructed you that you would have twenty minutes. And now if you're going to talk longer than that and then ask for a mistrial, I'll tell you now that I will not look fairly upon that.
MR. WELLS: I understand that, Your Honor.
THE COURT: So, we'll cross that  I'll give you the instructions that I have indicated. And if you decide that you want to talk longer than that, that's up to you. You won't be allowed to.
MR. WELLS: Yes, sir.
THE COURT: All right. Anything else?
MS. SEDGWICK: No, Your Honor.
THE COURT: Okay.
When appellant had exhausted fifteen minutes of his allotted twenty minutes, the following occurred:
MR. WELLS: I'll have to ask for additional time, Your Honor. I apologize.
THE COURT: We discussed this previously, Mr. Wells.
MR. WELLS: Yes, sir, I understand.
When appellant Wells had addressed the jury for twenty minutes, the following transpired:
THE COURT: Thank you for your comments, Mr. Wells.
MR. WELLS: Your Honor, at this point I would like to be allowed to continue with my argument if I could. There are some matters that  I apologize.

*623 THE COURT: You take as much time as you need, Mr. Wells. I'll talk with you after the jury is dismissed.
MR. WELLS: Yes, Sir, I understand.
THE COURT: No, you don't. But take as much time as you need.
After closing arguments were completed, the court instructed the jury on the law and the jury retired to deliberate its verdict. Immediately after the jury left the court-room, the court requested appellant Wells to come forward. At this time, the following colloquy occurred:
THE COURT: Mr. Wells, do you recall how much time you asked for during closing?
MR. WELLS: I asked for  if I might, your Honor. I don't want to mislead the court. I told the court that I would try my best at twenty to twenty-five minutes, that I would try my best, your Honor.
THE COURT: Well, you asked for twenty to twenty-five minutes. The state asked for fifteen and I gave each of you twenty minutes per side and explained that to you before you began your closing, and indicated how I would like you to proceed.
By my recollection and my notes, you started at 11:37 a.m. today, by my watch, and you were to speak until 11:52, at which time I gave you five minutes. And you were to stop at 11:57, at which time you indicated you could not complete it. And you finished at 12:05. Did you understand the court's order?
MR. WELLS: The court's order, your Honor?
THE COURT: That you had twenty minutes to speak.
* * * * * *
MR. WELLS: I understood you to say that I would have twenty minutes, sir.
THE COURT: At this time is there any reason that you should not be held in direct contempt of court for direct violation of the court's order?
Wells offered no real defense, only that he tried his best to conform to the ruling. The court adjudicated appellant guilty of direct criminal contempt for continuing with his closing argument after the court informed him that his allotted time period of twenty minutes had expired. The court sentenced appellant to pay a fine of $80 plus costs within thirty days of October 12, 1984. We affirm.
Appellant's contention that the lower tribunal erred in limiting his closing argument to twenty minutes is not relevant to this appeal. No one is justified in disregarding court orders merely because he believes them incorrect. Jamason v. State, 447 So.2d 892 (Fla. 4th DCA 1983), approved, 455 So.2d 380 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 768, 83 L.Ed.2d 766 (1985); Health Clubs, Inc. v. State, ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979), dismissed sub nom., Cataldo v. Eagan, 383 So.2d 1191 (Fla. 1980). The erroneousness of a court order is not a defense to contempt proceedings; the remedy for an erroneous order is an appeal. Appellant should have resumed his seat at the twenty minute mark of his closing argument and raised the impropriety vel non of the twenty-minute limitation on appeal. In Sandstrom v. State, 309 So.2d 17, 20 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 572 (Fla. 1976) and Jamason v. State, the Fourth District Court of Appeal quoted Anno: Contempt-Disobeying Invalid Decree, 12 A.L.R.2d 1059:
It is almost unanimously agreed that if the defendant desires to attack the order or decree as erroneous, he must do so not by disregarding or violating it and then setting the error up as a defense to a charge of contempt, but by attacking the order on direct appeal or by motion to set it aside. He cannot attack it collaterally upon an appeal from the judgment of contempt... . He must obey the order so long as it is in effect and until it is dissolved by the court issuing it, or reversed on appeal by the appellate court.
12 A.L.R.2d at 1107.
Appellant also contends the twenty-minute limitation on his closing argument *624 was a vague, ambiguous, or contradictory order such that he should not be held in contempt for disregarding it. First, the record is clear that appellant understood the court's directive that he address the jury no longer than twenty minutes during his closing argument. Second, the fact that the court did not inform appellant at the twenty minute mark of his argument that he could continue to argue at the risk of being held in contempt did not render the twenty-minute limitation vague, ambiguous, or contradictory. As the transcript reflects, the court in no way modified or receded from its previous order that appellant stop his argument after twenty minutes.[1] The court merely reminded appellant of their previous discussion, and of the court's order. The court's statement that appellant could take as much time as he needed meant only that the court had ruled and appellant should govern himself accordingly. The court was understandably terse in order to avoid prejudice to appellant's client in front of the jury. In reviewing a judgment and sentence of direct criminal contempt in State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981), this court opined:
We do not believe that an attorney must be specifically admonished, in explicit, kindergarten terms, that he is to follow the trial court's rule. He is expected to know that if he is a lawyer. He should also know, without being told, that persistence in disregarding a trial court's rulings, in an effort to place improper matters before the jury, can lead to a contempt citation. [citations omitted].
Any time an officer of the court openly disregards a court order, no matter how insignificant the order may seem, he obstructs the administration of justice. In Ward v. State, 354 So.2d 438, 439 (Fla. 3d DCA 1978), the court stated:
The orderly conduct of a trial requires that a defendant and his attorney obey the rulings of the trial judge and appeal those rulings which are objectionable. A refusal to obey the rulings of a trial judge on the ground that the ruling is improper may result in the inability of the courts to administer justice.
Appellant submits that his conduct in disregarding the trial court's twenty-minute limit on his closing argument does not constitute contempt of court as that phrase is defined in Krathen v. State, 310 So.2d 381 (Fla. 4th DCA 1975). This court quoted Krathen's definition with approval in State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981). Clearly, as we noted in State ex rel. Garlovsky v. Eastmoore "[a] willful disregard of prior court rulings can constitute a direct obstruction of the court." 393 So.2d at 567.
Appellant also argues that although he understood the court's order, and although he intended to address the jury for longer than twenty minutes notwithstanding the court's order, he did not intend to obstruct the orderly administration of justice and therefore should not be adjudicated guilty of contempt. The Third District Court of Appeal's decision in Ward v. State responds to this argument. There the court stated that "[a] disclaimer of intent to be contemptuous is not sufficient to deprive the court of the power to punish contempt." 354 So.2d at 439 (citations omitted). Whatever else appellant intended or did not intend, the record is clear he intended to address the jury for longer than twenty minutes during his closing argument notwithstanding the court's prior ruling that he not do so.
Section 900.04, Florida Statutes (1983) authorizes circuit courts to punish for contempt of court in the exercise of their criminal jurisdiction. Florida Rule of Criminal Procedure 3.830 establishes the procedure for punishing direct criminal contempt of court. Rule 3.830 provides:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed *625 in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefore. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
The rule is explicit that a court may summarily punish individuals who are guilty of conduct constituting contempt if the court actually witnesses such conduct. Here, the court witnessed appellant's contemptuous conduct. Therefore, the court did not err in summarily punishing appellant after allowing him the opportunity to present evidence in excuse or mitigation of his disregard of the court's order.
Appellant cites cases for the proposition that when a trial judge becomes personally embroiled in a conflict which gives rise to an order of contempt, the court should recuse itself and allow another judge to preside over the contempt proceedings. We see no evidence that the court became personally embroiled with appellant. The court made its ruling and sought to enforce it. When appellant expressed a desire and intent to continue speaking after the expiration of twenty minutes, the court merely reminded appellant of the prior ruling and allowed appellant to conduct himself accordingly. There is nothing in the instant record which indicates that the interaction between appellant and the court which led to the order of contempt was so unusual or heated as to require some procedure to punish appellant's conduct other than that provided for in Rule 3.830.
Since appellant fails to demonstrate any error with respect to the lower court's adjudicating him guilty of direct criminal contempt of court, the judgment and sentence are affirmed.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Since the court did not rescind or modify the order limiting appellant to twenty minutes closing argument, the fact that appellant requested the court for additional time in no way excuses him from failing to comply with the order.