482 So.2d 587 (1986)
Bobby FISHER, Appellant,
v.
STATE of Florida, Appellee.
No. BE-405.
District Court of Appeal of Florida, First District.
February 7, 1986.
Michael Allen, Public Defender, Kenneth D. Driggs, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
McCORD, GUYTE P., Jr.
Fisher appeals his conviction for direct criminal contempt, contending that he was not properly convicted under Rule 3.830, Fla.R.Crim.P. We agree and reverse.
Fisher was prosecuted for uttering a forged instrument. He refused to voluntarily submit any handwriting samples for the State to examine. Accordingly, the State filed a motion for handwriting specimens, which the trial court granted in a written order dated 28 January 1985.
On that same date, Fisher's case came before the trial court on a preliminary hearing. Through counsel, Fisher objected to the exemplars being requested so close to the commencement of trial because it did not allow him time to secure his own handwriting expert. At this point, the trial judge offered to render an order directing expedited analysis by a handwriting expert which would be appointed by the court. Fisher, through counsel, affirmed his refusal to provide the requested samples even under these circumstances. The following exchange then took place:
THE COURT: Well, I will require that be done. If he refuses to give them, we will face that with logical consequences.
MR. MURRELL: Well, I think we are at that point now.
THE COURT: Well, in that event, I will instruct him that is what he is to do. Failure to do so will call for extra sanctions, regardless of the outcome of the case. You may wish to confer with your client. If you wish to do that privately 
MR. MURRELL: Well, I think I can do it right here. (Whereupon, defense counsel conferred with the Defendant.)
MR. MURRELL: Mr. Fisher still does not wish to submit any handwriting samples.
THE COURT: All right. The Court is ordering him to do so. He has refused to do so. I will hold him in direct criminal contempt of this Court. Five months, twenty-five days in Leon County Jail.
*588 Direct criminal contempt is covered by rule 3.830, Fla.R.Crim.P., which sets out the following mandatory procedural steps:
1. Direct criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.
2. The judgment of guilt shall include a recital of those facts upon which the adjudication of guilt is based.
3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor.
4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
5. The judgment shall be signed by the judge and entered of record.
6. The sentence shall be pronounced in open court.
It is necessary that the procedure set out in this rule be followed in order to insure due process to the accused and failure to do so must result in reversal. Ledlow v. State, 346 So.2d 609 (Fla. 1st DCA 1977); Garber v. State, 335 So.2d 609 (Fla. 2d DCA 1976); Holden v. State, 380 So.2d 548 (Fla. 2d DCA 1980). Even technical errors, such as a failure to recite in the judgment those facts upon which the adjudication of guilt was based, require a reversal. Osborne v. State, 430 So.2d 551 (Fla. 2d DCA 1983).
In the present case, a required written and signed order was not entered of record. In its brief, the State relies heavily upon the case of Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), in which this court upheld an adjudication of contempt when no written judgment was entered, because the transcript of the proceedings spoke for itself. However, the record in Fisher's case falls considerably short of that present in Saunders and therefore the broad language of that opinion cannot be applied to the instant case.
The judgment appealed is REVERSED.
ERVIN and WIGGINTON, JJ., concur.