487 So.2d 1101 (1986)
Dennis WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-28.
District Court of Appeal of Florida, Fifth District.
March 27, 1986.
Rehearing Denied May 1, 1986.
*1102 Dennis Wells, Orlando, appellant, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Wells, the attorney for defendant in a criminal case, appeals a final judgment finding him guilty of direct criminal contempt[1] for failing to restrict closing argument to the time limit specifically ordered by the trial judge.[2] The appellant contends that the judgment is erroneous because: 1) the trial judge should have granted his motion to recuse himself; 2) the trial court did not afford the appellant a sufficient evidentiary hearing; 3) appellant's actions did not warrant a finding of contempt; 4) the trial judge did not follow the procedures outlined in Florida Rule of Criminal Procedure 3.830. Appellant's first three points are without merit. However, we agree with the last point and reverse.
A direct criminal contempt occurring in the presence of a trial judge may be punished immediately and summarily. Sandstrom v. State, 402 So.2d 461 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982), habeas corpus aff'd on other grounds, sub. nom., Sandstrom v. Butterworth, 738 F.2d 1200 (11th Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 787, 83 L.Ed.2d 781 (1985). Under such circumstances, the trial judge need not disqualify himself unless he becomes personally embroiled in the conflict. Sandstrom, supra. This is not the situation here. Moreover, the conduct of counsel in refusing to comply with the court's order was clearly of a character sufficient to warrant the finding of direct criminal contempt. See Wells v. State, 471 So.2d 620 (Fla. 5th DCA), cause dismissed, 478 So.2d 54 (Fla. 1985).
Although the appellant was informed of the accusations against him and given opportunity to respond, the judgment of criminal contempt provided in the record fails to include a recital of the underlying facts upon which adjudication of guilt was based.[3] In finding direct criminal contempt, *1103 the trial judge is required to enter a judgment of guilt which "shall include a recital of those facts upon which the adjudication of guilt is based." Fla.R.Crim.P. 3.830. It is necessary that the procedures set out in this rule be followed in order to insure due process to the accused and failure to do so may result in reversal. Fisher v. State, 482 So.2d 587 (Fla. 1st DCA 1986). The failure to recite in the judgment those facts upon which the adjudication of guilt was based, although a technical error, requires reversal. Osborne v. State, 430 So.2d 551 (Fla.2d DCA 1983).
In the present case, the required written order reciting those facts upon which adjudication of guilt was based was not entered of record, and such an order is required to comply with the rule. Accordingly, the judgment is reversed and the cause is remanded for the entry of a judgment which complies with the requirements of Rule 3.830.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.830, entitled "Direct Criminal Contempt" reads:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
[2] See Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA 1986) for a further discussion of the facts.
[3] The only judgment in the record which could conceivably comply with this portion of the rule adjudges appellant Wells in contempt for failure to comply with the trial court's order relating to cross-examination of witnesses. By a subsequent order, the trial court specifically vacated and set this judgment aside and despite several opportunities afforded by this court to the parties for supplementation of the record, we have not been supplied with any written judgment which recites a finding of direct criminal contempt for failure to abide by the court's instructions pertaining to closing argument. We can only assume that there is no such judgment.