593 So.2d 294 (1992)
Milton GIDDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2309.
District Court of Appeal of Florida, Fifth District.
January 24, 1992.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
EN BANC
GOSHORN, Chief Judge.
Gidden appeals his conviction for resisting an officer with violence. He also appeals his conviction for indirect criminal contempt. We affirm both convictions, finding that only Gidden's argument concerning his conviction for criminal contempt merits discussion. We have voted to consider this case en banc in order to reconsider our decisions in Alexander v. State, 576 So.2d 350 (Fla. 5th DCA 1991) and White v. Buck, 505 So.2d 36 (Fla. 5th DCA 1987).
The offense of indirect criminal contempt is governed by Rule 3.840, Florida Rules of Criminal Procedure. Rule 3.840(a)(6) provides in pertinent part:
There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty. [Emphasis added].[1]
In White v. Buck, supra, this court held that a trial court is required to set forth the facts upon which its order of indirect criminal contempt is based in order "to advise the accused and to permit meaningful appellate review." 505 So.2d at 37. See also Alexander v. State, supra. In the instant case, both purposes were accomplished by the trial court's recitation of its findings on the record. This was the rationale for the First District's affirmance of a similar contempt order in Barnhill v. State, 438 So.2d 175 (Fla. 1st DCA 1983). As promulgated by the supreme court, Rule 3.840(a)(6) provides only that a court *295 "should" include a finding of facts in its order. Where, as here, sufficient oral findings are made on the record, the purpose of the rule is fulfilled and written findings are discretionary, not mandatory.
Neither White v. Buck nor Alexander v. State considered oral findings on the record and therefore are distinguishable from the case at bar. However, we recede from the language of those decisions to the extent they may be read to require written findings in a judgment of indirect criminal contempt where the judge's findings on the record serve to advise the defendant of the basis for the judgment and permit meaningful appellate review.
We certify conflict with Hofeling v. Hofeling, 546 So.2d 1176 (Fla. 2d DCA 1989).
AFFIRMED.
COBB, COWART, HARRIS, PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.
DAUKSCH, J., dissents without opinion.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. In my view, the rules of criminal procedure for both direct and indirect criminal contempt embody the minimal standards for due process[1] and they should be strictly interpreted and scrupulously followed. The power to punish for affronting the dignity of the court or the judicial system is so undefined and potentially absolute, it requires careful, meticulous restraint on judges lest we allow our courts to slip into the mode of "star chambers."
For both direct and indirect criminal contempt, the rules are clear and mandatory. Judges must include in the written judgment the factual basis for holding a person in contempt of court. Rule 3.830 (Direct Criminal Contempt) provides: "The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based." Rule 3.840(a)(6) (Indirect Criminal Contempt) provides: "There should be included in a judgment of guilty a recital of facts constituting the contempt of which the defendant has been found and adjudicated guilty." I think both rules mandate such fact finding be placed in writing in the judgment.
Although in some cases, the judge may articulate neatly in the transcript at the end of a hearing a summary of findings, in others, the "findings" may be scattered throughout a lengthy record. The "findings" may be contradictory or ambiguous or even garbled as sometimes spoken words appear when transcribed into written words, stripped of the body language and inflection which once supplied their true meaning.
In my view, this court's decision to recede from White v. Buck, 505 So.2d 36 (Fla. 5th DCA 1987), is bad public policy. The requirement of written findings in criminal contempt cases is analogous to the requirement of written reasons for departure in sentencing guidelines cases.[2] Both rules insure a criminal defendant has at least one clear shot at review by an appellate court. In guidelines cases, it eliminates the problem that could have existed otherwise: Why (in fact) did the trial judge "depart" in this case?
In criminal contempt cases, these rules[3] similarly require the trial judge to pinpoint the exact basis for imposing criminal sanctions. Because criminal contempt is an open-ended, undefined "crime", it is even more important, in my view, that its identity be stated precisely in writing in the judgment. This requires the trial judge, who may be angry and pressed to the limits of his or her self-control at the time of the *296 hearing or trial, to calm down, reflect, and articulate the factual underpinnings of the contempt. This in turn facilitates the contemnor's right to appeal and insures that at least one additional dispassionate tribunal will look at the cause before criminal sanctions are imposed.
Anything that weakens a criminal contemnor's right to appeal and broadens a judge's power to hold persons in criminal contempt, I view as contrary to good public policy for the reasons stated above. I would adhere to White v. Buck and Hofeling v. Hofeling, 546 So.2d 1176 (Fla. 2d DCA 1989).
NOTES
[1] In contrast, Florida Rule of Criminal Procedure 3.830 governing direct criminal contempt provides "The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based." (Emphasis added). See Wells v. State, 487 So.2d 1101 (Fla. 5th DCA), cause dismissed, 491 So.2d 281 (Fla. 1986).
[1] See White v. Buck, 505 So.2d 36 (Fla. 5th DCA 1987); Wells v. State, 487 So.2d 1101 (Fla. 5th DCA), appeal dismissed, 491 So.2d 281 (Fla. 1986); Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); Holden v. State, 380 So.2d 548 (Fla. 2d DCA 1980); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978); Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978); Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978); Simkovitz v. State, 340 So.2d 959 (Fla. 3d DCA 1976).
[2] See Ree v. State, 565 So.2d 1329 (Fla. 1990).
[3] Fla.R.Crim.P. 3.830; Fla.R.Crim.P. 3.840(a)(6).