613 So.2d 457 (1993)
Milton GIDDEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 79387.
Supreme Court of Florida.
February 4, 1993.
*458 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and James N. Charles and Rebecca Roark Wall, Asst. Attys. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
We have for review Gidden v. State, 593 So.2d 294 (Fla. 5th DCA 1992), in which the district court held that written findings of fact, setting forth the basis for indirect criminal contempt, are not required under rule 3.840(a)(6), Florida Rules of Criminal Procedure, where sufficient oral findings are made on the record. The district court certified conflict with Hofeling v. Hofeling, 546 So.2d 1176 (Fla. 2d DCA 1989).[1] For the reasons expressed, we approve the decision of the district court.
The record in this case reflects that Gidden was arrested and charged with one count of resisting an officer with violence. He was released on bond. He subsequently failed to appear for his June 7, 1988, arraignment, and, consequently, his bondsman forfeited a $1,000 bond. He was finally located and rearrested on June 22, 1990, and was convicted of the offense charged on October 10, 1990. Due to his failure to appear, Gidden was also charged with indirect criminal contempt, and, after appropriate arraignment and notice, a hearing was held at which Gidden was given an opportunity to present witnesses. At the indirect criminal contempt hearing, the trial judge made the following findings of fact on the record in open court:
THE COURT: The file reflects that a notice was mailed on the 26th of May, certified by the Deputy Clerk, mailed to 1009 Ivey Lane, which was the address given for Mr. Gidden and is, in fact, by his own testimony the address that he lived at the time. There's no return of that, and it's presumed to have been received at that address by having been mailed.
[DEFENSE COUNSEL]: There's no proof, Your Honor, that it actually had been mailed. That's just a notice listing all of the parties involved.
THE COURT: There's a certification signed by the clerk certifying that it was mailed, "this 26th day of May, 1988."
Also, a copy went to Moncrief Bonding. And Moncrief Bonding ultimately forfeited a thousand dollar bond on Mr. Gidden when he failed to appear in court.
And I have a feeling that the Moncrief Bonding, had they been able to find Mr. Gidden, would have certainly supplied him to the court, if he were available, rather than forfeiting a thousand dollars bond.
The court makes a determination that there is no good cause to show why you should not be held in contempt for failure to appear.
The court finds that you are in contempt and sentences you to 90 days in the Orange County jail, to run consecutive to any other sentence; no credit for time served.
You should be advised [you have] the right to appeal the judgment and order of the court. If you appeal, it must be taken within 30 days.
The trial judge made no written findings of fact in the judgment of guilt on the contempt charge.
On appeal, Gidden contended that, like a judgment of direct criminal contempt, a judgment of indirect criminal contempt must contain a recital of facts upon which *459 the adjudication of guilt is based. The Fifth District Court of Appeal, sitting en banc, disagreed and affirmed the trial court's judgment. The district court found that the purpose of rule 3.840(a)(6) governing indirect criminal contempt is fulfilled when, as here, sufficient oral findings are made on the record. In so ruling, the district court stated: "As promulgated by the supreme court, Rule 3.840(a)(6) provides only that a court `should' include a finding of facts in its order. Where, as here, sufficient oral findings are made on the record, the purpose of the rule is fulfilled and written findings are discretionary, not mandatory." Gidden, 593 So.2d at 294-95. We agree.
Rule 3.830 governing direct criminal contempt requires that "[t]he judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based." (Emphasis added.) On the other hand, rule 3.840(a)(6) governing indirect criminal contempt merely states: "There should be included in a judgment of guilty a recital of the facts...."[2] (Emphasis added.) To properly comprehend the *460 distinction between these two requirements, it must be understood that the rules governing direct criminal contempt and indirect criminal contempt proceedings cover two very different proceedings.
Direct criminal contempt results from conduct committed in the actual presence of a judge and, consequently, may be punished summarily by the judge who saw or heard the conduct constituting the contempt. Because the contemptuous conduct may well be in the form of statements or actions that are not part of a court proceeding and that are not recorded, rule 3.830 provides that the "judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based." (Emphasis added.)
In contrast, indirect criminal contempt under rule 3.840 concerns conduct that has occurred outside the presence of the judge. Consequently, as reflected by the substantial requirements of rule 3.840, the indirect criminal contempt process requires that all procedural aspects of the criminal justice process be accorded a defendant, including an appropriate charging document, an answer, an order of arrest, the right to bail, an arraignment, and a hearing. A defendant is entitled to representation by counsel, may compel the attendance of witnesses, and may testify in his own defense. The entire proceeding is conducted in open court and made a part of the record.
As noted by the district court, the purpose of rule 3.840(a)(6) is to advise the defendant of the basis for the judgment and to permit meaningful appellate review. The same is true of rule 3.830. However, given the procedural safeguards implicit in the due process afforded under rule 3.840, the rule's purpose is fulfilled when sufficient oral findings are made on the record. In this case, because there is a sufficient record of the proceedings and sufficient oral findings, we see no prejudice to the defendant and no need to mandate a separate written finding of fact in the judgment of guilt.
Accordingly, we approve the decision of the Fifth District Court of Appeal in the instant case and expressly disapprove the decision of the Second District Court of Appeal in Hofeling to the extent that it is inconsistent with the dictates of this opinion.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] The rules in effect in 1990, when this case arose, are set forth here in their entirety. The current versions of these rules are substantially similar but have recently been technically and stylistically changed. In re Amendments to Fla. R.Crim.P., 606 So.2d 227 (Fla. 1992). The current version of rule 3.840(a)(6) is numbered 3.840(f).

Rule 3.830 (1972) reads as follows:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Rule 3.840 (1972) reads as follows:
(a) Indirect (Constructive) Criminal Contempt. A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3) Order of Arrest; Bail. The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
(4) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law and fact shall be heard and determined by the judge.
(5) Disqualification of Judge. If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court.
(6) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.