629 So.2d 316 (1993)
In the Interest of S.T., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1928.
District Court of Appeal of Florida, First District.
December 28, 1993.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
*317 Robert A. Butterworth, Atty. Gen., James W. Rogers, Chief of Criminal Law, Wendy S. Morris, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, S.T., a juvenile, appeals his adjudication of guilt and sentence of six months in secure detention for direct criminal contempt of court. We reverse.
S.T. pled guilty to battery and the court adjudicated him delinquent and committed him to HRS. Upon hearing his sentence, S.T. exhibited some display of anger. The judge said,
[T]his Court does not allow outbursts. You may not like my sentencing but you're not allowed to use profanity, anger, slap chairs around, slap the desk in my courtroom. Your contempt of Court is a criminal contempt of Court in the presence of this Court. You used anger, aggressive behavior and profanity. You got into a lot of trouble [be]cause you won't behave but when you're in my courtroom, you will behave. This Court finds you guilty of direct criminal contempt. And for your direct criminal contempt you're hereby sentenced to six months in the Juvenile Detention Center.
The court entered a written order of contempt, directing that the child be detained in secure detention for six months.
The state concedes error with regard to the sentence. Under A.A. v. Rolle, 604 So.2d 813 (Fla. 1992), juveniles may not be incarcerated in secure detention for contempt of court. Accordingly, we reverse appellant's sentence.
We conclude as well that the trial court erred in failing to follow the procedure required by Florida Rule of Juvenile Procedure 8.285(a) before adjudicating the child guilty of direct contempt. That rule provides:
A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the court shall inform the person accused of the accusation and inquire as to whether there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the court and entered of record. Sentence shall be pronounced in open court.
Although we have not found any case law in which courts have interpreted the requirements of rule 8.285(a), we consider cases construing the identical provision of Florida Rule of Criminal Procedure 3.830 to be highly persuasive. See, e.g., State v. S.L.W., 465 So.2d 1231 (Fla. 1985) (construing juvenile rule 3.111(d)(4) the same as adult pre-1985 rule 8.290(d)(4) regarding waiver of right to counsel). In O'Neal v. State, 501 So.2d 98 (Fla. 1st DCA 1987), this court stated that the trial court is required to follow six steps pursuant to an adjudication of contempt under rule 3.830, two of which are pertinent to this appeal:
3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor.
4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
Id. at 99-100 (quoting Fisher v. State, 482 So.2d 587, 588 (Fla. 1st DCA 1986)). Because the trial court informed O'Neal that he was guilty of contempt without advising him of the likely consequences of his actions, or permitting him to explain or submit mitigating evidence, this court reversed the defendant's contempt conviction. Id. at 100. The same result pertains herein.
Contrary to the state's assertion, we find Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), cert. discharged, 344 So.2d 567 (Fla. 1977), readily distinguishable. In that case, this court held that even though the trial court did not comply with the requirements *318 of the rule to its letter, Saunders was sufficiently apprised of the accusation against him and given ample opportunity to present mitigating evidence. Id. at 124. The opinion details a lengthy dialogue in which the court repeatedly tried to get Saunders to testify, frequently warning him that he could be held in contempt for refusing to answer and that he could be confined and/or fined as a consequence. Finally, when Saunders answered, "Hell no," the court held him in contempt. Even then, the court asked Saunders if he wished to reconsider, and when he did not respond, the court offered him an opportunity to purge himself of the contempt, and finally directed the bailiff to remove Saunders from the courtroom. Id. at 120-23. In contrast, in the case at bar, there was no dialogue between the court and the accused, no opportunity for S.T. to explain his conduct, and no explanation by the judge concerning the meaning of "contempt," a term of which an 11-year-old child could easily be ignorant.[1]See Fisher v. State, 482 So.2d 587 (Fla. 1st DCA 1986) (the record fell considerably short of that in Saunders, thus the broad language of that opinion cannot be applied).
We decline to follow the Second District in B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988), in which the facts are virtually indistinguishable from those at bar, wherein the court affirmed the conviction of contempt, relying upon Saunders.
REVERSED and REMANDED with directions to release the juvenile as to his adjudication of guilt of direct contempt of court.
BOOTH and ALLEN, JJ., concur.
NOTES
[1] We note that Section 39.044(10), Florida Statutes (1991), includes among the enumerated due-process rights that must be afforded any child placed in detention for contempt of court the right to an explanation of the nature and consequences of the proceeding.