PER CURIAM.
The defendant, Andre Dubuche, appeals from his conviction for direct criminal contempt and from his revocation of probation. We reverse, in part, and affirm, in part.
The defendant contends that the trial court erred by entering a written order finding him in direct criminal contempt because the contempt arose from conduct that was not committed in the actual presence of the judge. See Gidden v. State, 613 So.2d 457 (Fla.1993)(“Direet criminal contempt results from conduct committed in the actual presence of a judge.... ”). The State alleges, and we agree, that this was a typographical error and that this cause should be remanded for entry of a written order that conforms to the trial court’s oral pronouncements finding him in indirect criminal contempt.
Next, the defendant argues that the trial court failed to specify the basis for the revocation of his probation and that if his probation was revoked as a result of the indirect criminal contempt conviction, double jeopardy issues are raised. The State concedes, and we again agree, that if the defendant’s probation was revoked based on the indirect criminal contempt conviction, double jeopardy issues might be raised. However, the State points out that, substantial, competent evidence was presented to sustain a finding that the defendant violated the technical conditions of his probation. On this basis, we remand this cause to the trial court for entry of a written order clarifying the basis for the revocation of the defendant’s probation.
The defendant’s remaining points lack merit.
Affirmed, in part; reversed, in part, and remanded for further proceedings consistent with this opinion.