PER CURIAM.
Petitioner filed a petition for writ of ha-beas corpus seeking release from incarceration ordered by a circuit judge for contempt. The case arises out of a domestic relations matter. Petitioner’s former wife, Frances N. Carter, was allowed to file a brief and appear amicus curiae.
We have considered the record and heard oral argument of counsel. The facts are very similar to those recited by the Supreme Court of Florida in Pugliese v. Pug- *357 liese, 347 So.2d 422, (Fla.1977). Here, as there, it is difficult if not impossible to determine whether petitioner was incarcerated for civil contempt or criminal contempt. If a civil proceeding, the order of incarceration is insufficient in that it made no provision for petitioner to purge himself of contempt. If the proceeding was in the nature of criminal contempt then the record reveals a failure to comply with the applicable rules and principles announced in Pugliese v. Pugliese, supra.
Accordingly, the petition for writ of ha-beas corpus is granted. Petitioner shall be discharged under the order of incarceration hereinabove mentioned.
The action here taken is, however, without prejudice to further proceedings under the guidelines of Pugliese v. Pugliese, supra, and authorities therein cited.
IT IS SO ORDERED.
MeCORD, C. J., and BOYER and MELVIN, JJ., concur.