411 So.2d 257 (1982)
THOMAS A. EDISON COLLEGE, INC., a/K/a Thomas A. Edison College, a/K/a Thomas A. Edison College Episcopal Church of Mind, a/K/a Thomas A. Edison College, the Order of St. John of Jerusalem, Inc., and George C. Lyon, Appellants,
v.
STATE BOARD OF INDEPENDENT COLLEGES AND UNIVERSITIES, Appellee.
No. 81-148.
District Court of Appeal of Florida, Fourth District.
March 3, 1982.
Rehearing Denied April 12, 1982.
Edna L. Caruso, West Palm Beach, for appellants.
James D. Little and Gene T. Sellers, Gen. Counsel, State Bd. of Ed., Tallahassee, for appellee.
*258 DELL, Judge.
Appellant Dr. George Lyon was adjudged guilty of criminal contempt in a non-jury trial. The action was instituted on motion of appellee. Appellant was sentenced to serve six months in the county jail and fined $10,000.
Appellant contends the order to show cause why he should not be held in contempt was invalid for failure to comply with Rule 3.840(a)(1), Florida Rules of Criminal Procedure in that the order was not issued upon a sworn affidavit. He further contends that his sentence and fine were illegally imposed.
In 1974 appellee filed a complaint for injunctive relief against appellant for issuing diplomas without a state license. Summary final judgment was entered permanently enjoining appellant, among other things, from furnishing or offering to furnish a degree or diploma and from using the word "college" or "university" in the name of appellant entity.
In 1979, appellee filed a motion for contempt against appellant for offering to issue a Ph.D. degree granted by Thomas Edison College, and for issuing a diploma in clinical psychotherapy and a certificate in clinical psychotherapy granted by Palm Beach Psychotherapy Training Center. Hearing on the motion was held before Judge Born and sworn testimony was taken. Judge Born issued an order for appellant to appear before Judge Rodgers and show cause why appellant should not be held in criminal contempt. A show cause hearing was conducted before Judge Rodgers and appellant was held to be in contempt.
Rule 3.840(a)(1), Florida Rule of Criminal Procedure provides:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charge and requiring him to appear before the court to show cause why he should not be held in contempt of court. (Emphasis added).
Although no affidavit was filed, Judge Born heard sworn testimony before issuing the order to show cause. This is sufficient to invoke the court's discretionary authority to issue an order to show cause.
The jail sentence is valid. A jury trial is required by the United States Constitution when the sentence imposed is in excess of six months. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), Aaron v. State, 345 So.2d 641 (Fla. 1977) and cases cited therein.
We are compelled to agree with appellant that the fine imposed was excessive. Section 38.22, Florida Statutes (1973) authorizes courts to impose imprisonment and a fine for contempt, but states no maximum punishment. Section 775.02, Florida Statutes (1927) provides that when no maximum punishment is provided by statute for criminal conduct, punishment shall not exceed one year's imprisonment and $500.00 fine. Criminal contempt convictions are subject to the provisions of Section 775.02. Aaron v. State, 284 So.2d 673 (Fla. 1973).
Although the actions of appellant herein display a continuing pattern of contempt, the holding of Aaron v. State, 284 So.2d 673 (Fla. 1973) leaves us no alternative. The order appealed is remanded to the trial court with directions to reduce the fine to not more than $500.00. In all other respects, the judgment of the trial court is affirmed.
DOWNEY and GLICKSTEIN, JJ., concur.