BERANEK, Judge.
The defendant appeals a judgment finding him guilty of contempt. We reverse.
The defendant is an attorney who represented an individual who was charged and tried for burglary and attempted sexual battery. Near the closing of his final summation to the jury, the judge excused the jury, found the attorney guilty of contempt, and then proceeded with the trial.
Florida Rule of Criminal Procedure 3.830 governs direct criminal contempt. It states:
Rule 3.830. Direct Criminal Contempt
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
We hold that the judge committed reversible error in two respects. First, the court did not sufficiently advise appellant as to what he was being held in contempt for, as directed by Florida Rule of Criminal Procedure 3.830. Further, the court denied appellant’s request for an evidentiary hearing on the matter. Direct criminal contempt may be dealt with summarily but when a true factual issue is presented it should be determined based upon the readi *367 ly available evidence when there is a request by the defendant to present evidence. Here, counsel mentioned in argument to the jury that a particular witness had pointed at a juror during her testimony. The trial court stated that the witness had not pointed and found counsel in contempt, due in part to his “misquoting of the evidence.” During the contempt hearing, counsel requested a chance to offer evidence on the issue which was summarily denied.
This does not constitute a ruling on whether appellant’s conduct was contemptuous. The matter is remanded for further proceedings in which appellant should be informed of the accusations against him and given an opportunity to present evidence as to why he should not be found guilty of contempt.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.