PER CURIAM.
Petitioner sought a writ of habeas corpus alleging that she was being detained by respondent pursuant to an unlawfully entered order of criminal contempt. The actions giving rise to this petition occurred on *1276 July 6, 1987, with the petition being filed on July 8, 1987. Pursuant to an order of this court, a response was filed the following day. The response did not contest the factual allegations of the petition, but suggested that the petition should be denied on technical grounds. After consideration of the response, the petition was granted and petitioner was ordered released. This opinion follows.
Petitioner was the state’s complaining witness in a rape trial being conducted before Circuit Court Judge Charles McClure. On cross examination, defense counsel asked Petitioner whether she had previously been convicted of a felony. Petitioner admitted that she had plead nolo contendere to an aggravated assault charge and been convicted. On redirect examination by the state attorney, Petitioner was asked to explain the circumstances of the conviction. Petitioner explained that the charges accused her of firing a pistol at her former boyfriend, but that she did not really have a gun, that the bullet holes in her boyfriend’s car predated the incident, and that she had merely set off some fireworks.
During the lunch recess, the Assistant State Attorney urged petitioner to recant her testimony which he believed to be false. After the recess, Petitioner was recalled, and admitted that she had fired a pistol at her boyfriend. She said she told the false story because it was the same as the original story she had told the police when she was first arrested on the assault charge.
Late in the afternoon of July 6, the jury acquitted the defendant on the sexual battery charge. Before excusing the jury, Judge McClure called petitioner before him, and announced that she was in contempt of court for perjury. He sentenced her to 30 days in jail, and petitioner was immediately taken into custody.
Florida Rule of Criminal Procedure 3.830 governs proceedings in cases of direct criminal contempt. It requires, among other things, that the judge inquire of the accused whether he has any cause to show why he should not be adjudged guilty of contempt and it requires that the accused be given the opportunity to present evidence of excusing or mitigating circumstances. The rule also requires entry of a signed, written order containing a recital of the facts upon which the adjudication of guilt is based. Fisher v. State, 482 So.2d 587 (Fla. 1st DCA 1986). Strict adherence to the procedures of Rule 3.830 is mandated to ensure compliance with constitutional due process requirements. Id.; Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977). When the procedures of the rule are not complied with, habeas corpus is appropriate. Carter v. Easterling, 362 So.2d 356 (Fla. 1st DCA 1978).
Because the procedural requirements of Rule 3.830 were not followed, petitioner was being detained pursuant to an unlawful order, and was entitled to the issuance of the writ of habeas corpus, requiring her immediate release from custody-
JOANOS, WIGGINTON and ZEHMER, JJ., concur.