POLEN, Judge.
Appellant, the former wife, appeals the trial court’s order finding her in indirect criminal contempt for her violation of an October 20, 1988, contempt order. The 1988 contempt order, entered against both the former wife and the former husband, included a provision by which the parties could purge themselves of contempt “by not uttering one single solitary libelous, slanderous or any other derogatory remark towards the other_” Neither party appealed the 1988 order. We affirm the judgment of indirect criminal contempt.
In July of 1990, the former husband, a practicing plastic surgeon, filed a motion for indirect criminal contempt, asking the court to issue an order to show cause to the former wife. The motion was accompanied by the affidavits of three (3) of the former husband’s patients who attested to having overheard the former wife at a cocktail party, and on other occasions, making derogatory remarks about medical malpractice suits filed against the husband, the husband’s sexual habits, and the husband’s new wife. The trial court did not issue an order to show cause, but rather issued an order setting the motion for calendar call.
At the trial, the husband’s counsel remarked in opening that the attorneys waived the necessity of an order to show cause mandated by Florida Rule of Criminal Procedure 3.840. The court asked the wife’s counsel whether there was a mutual agreement to waive certain procedural defects in getting the case to the hearing, and the wife’s counsel responded:
MR. DONER [Counsel for Wife]: Yes, my client is most anxious to get this concluded. We did not want to be dilatory in any way with respect to there not being an Order to Show Cause so we have waived that and gone ahead and proceeded based on the Motion for Indirect Criminal Contempt and those sworn affidavits attached to it.
The wife argues on appeal that the trial court erred in failing to issue an order to show cause pursuant to Florida Rule of Criminal Procedure 3.840. A party’s failure to raise the issue of noncompliance with rule 3.840 in the trial court will not bar full consideration of the record on appeal, as such noncompliance constitutes *1009 fundamental error. Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977); Bray v. Rimes, 574 So.2d 1114 (Fla. 2d DCA 1990). Nevertheless, this is not a case where a party remained silent in the trial court, failing to object. Here, the former wife affirmatively represented to the trial court that she waived the necessity of an order to show cause. She expressed her interest in proceeding with the hearing. She cannot now allege that she was prejudiced by a ruling she invited the trial court to make.
We also find no error in the judgment of indirect criminal contempt entered against the former wife. On appeal she argues that identification was lacking at the hearing. The trial court found that it was, indeed, the former wife who made the statements about her former husband, and we will not substitute our judgment for that of the trial court.
The wife also attempts to collaterally attack the November 2, 1988, contempt order that contained the purge provision she was later found guilty of having disobeyed. If the former wife desired to attack that order, she should have done so, not by disregarding or violating the order, but by direct appeal or by motion to set it aside. Sandstrom v. State, 309 So.2d 17, 20 (Fla. 4th DCA 1975). We do not find any of her attacks on that order compelling. We do not address the wife’s fourth point, as the issue of attorney’s fees has been previously argued and decided by this court.
AFFIRMED.
DELL and GUNTHER, JJ., concur.