PER CURIAM.
We affirm the trial court’s adjudication finding a criminal defense attorney to be guilty of direct criminal contempt for failure to obey the trial court’s order to approach the bench.
The finding of contempt occurred on the sixth day of an eight-day first-degree murder trial after the trial court had sustained several hearsay objections as to questions asked by appellant/attorney Alan R. Soven. Soven continued to ask these questions, despite repeated warnings from the trial court and more than six sidebars where the trial court instructed Soven on what constituted hearsay. During Soven’s cross-examination of a detective who investigated the shooting murder, the following discussion ensued, which led to the contempt finding:
[MR. SOVEN] Q: Page 5 of your report, fourth paragraph. Did you ever hear the name Joanne?
MS. SEFF: Judge—
MR. SOVEN: I’ll strike the question.
THE COURT: Just approach the bench.
[MR. SOVEN] Q: Did you ever—
THE COURT: No, we’ll discuss what hearsay is.
MR. SOVEN: Your Honor, I think I know what hearsay is.
THE COURT: Approach the bench.
MR. SOVEN: Your Honor, I know what hearsay is.
THE COURT: Mr. Soven, I’m directing you to approach the bench or else I’m going to hold you in contempt.
MR. SOVEN: I move that you disqualify yourself from this case. My client cannot get a fair trial with you on the bench.
THE COURT: Will you please excuse the jury.
*1125 At this point the jury was excused, and the trial judge had the court reporter read back the above-quoted exchange. The trial judge then continued:
THE COURT: Mr. Soven, I think that the colloquy — well, first, let me indicate just so that it’s clear on the record, I think it is clear from just the wording that was read, but that even though I had asked you to approach the bench initially, you kept talking. I asked you again. You kept talking. You made no move towards approaching the bench. It was either two or three times that that happened and it is reflected on the record. And then when I indicated that I was going to hold you in contempt, the rest of it was also stated on the record.
What was just read by the court reporter, which I think is correctly reflected in the record, to me indicates that your behavior was contemptuous under 3.803. I believe that that would be direct criminal contempt of the court.
After providing Soven with the opportunity to explain why he should not be adjudged guilty of contempt, the trial court found Soven to be guilty of direct criminal contempt of court, and placed him on probation for five months under court supervision. As a special condition of probation, Soven was ordered to pay a fine of $1,000, and was required to attend a class on evidence for a minimum of 10 hours at an accredited law school or at another institution approved by the court.
Courts have the power to enforce their orders through the exercise of contempt powers. Johnson v. Bednar, 573 So.2d 822 (Fla.1991); South Dade Farms, Inc. v. Peters, 88 So.2d 891 (Fla.1956). “If a party can make oneself a judge of the validity of orders issued by trial courts, and by one’s own act of disobedience set them aside, then our courts are devoid of power, and the judicial power, both federal and state, would be a mockery.” Johnson v. Bednar, 573 So.2d at 824. Soven’s failure to obey a direct order of the trial court to approach the bench constituted direct criminal contempt. See Rubin v. State, 490 So.2d 1001 (Fla. 3d DCA), review denied, 501 So.2d 1283 (Fla.1986), cert. denied, 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 735 (1987); Wells v. State, 471 So.2d 620 (Fla. 5th DCA), cause dismissed, 478 So.2d 54 (Fla.1985).
Soven’s attempt to justify his behavior, by suggesting that the trial court’s rulings regarding hearsay were erroneous, is devoid of merit. Soven was not held in contempt for disobeying the trial court’s rulings regarding the State’s hearsay objections. Rather, Soven was held in contempt for refusing to obey the trial court’s direct order to approach the bench. Counsel’s perception of the correctness of the trial court’s rulings is no excuse for engaging in contemptuous behavior and disregarding the court’s orders. See In re Weinstein, 518 So.2d 1370 (Fla. 4th DCA 1988); Vizzi v. State, 501 So.2d 613 (Fla. 3d DCA 1986), review denied, 506 So.2d 1043 (Fla.1987); Broida v. Smith, 494 So.2d 240 (Fla. 3d DCA), review denied, 501 So.2d 1281 (Fla.1986); Rubin v. State, 490 So.2d at 1001. As this Court stated in Rubin v. State, 490 So.2d at 1003 (Daniel S. Pearson, J.) (citations omitted):
It is well settled in this state, and elsewhere, that where a court acting with proper jurisdiction and authority renders an order, an aggrieved party’s failure to abide by the order may be punished by contempt even if the order is ultimately found to be erroneous. The reason behind the rule requiring obedience to court orders regardless of their alleged invalidity is that the need for obedience to a court order far outweighs any detriment to individuals who may be temporarily victimized by the order, even if erroneous.
As the trial court correctly pointed out to Mr. Soven, his remedy, if he believed the rulings were incorrect, was to challenge those rulings at the appellate level. During the course of the trial, however, Soven was obligated to promptly comply with all court rulings, and to make a proper proffer in order to preserve the right to test any rulings later on appeal. See Vizzi v. State, 501 So.2d at 613; State v. Schmidt, 474 So.2d 899 (Fla. 5th DCA 1985).
Although we need look no further in deciding the merits of the contempt adjudi *1126 cation, Soven urges that we review the entire context of the proceedings, in support of his argument that his failure to immediately approach the bench was justifiable because of misunderstandings surrounding the trial court’s hearsay rulings. We have conducted such a review, and it only strengthens the finding that Soven’s conduct was contemptuous.
Although the record reflects that the circumstances of the trial were not pleasant, the record is equally reflective of the fact that the trial judge, even though frequently provoked, at all times conducted the trial in a very professional and judicious manner.
For the foregoing reasons, we affirm the adjudication of direct criminal contempt. Regarding that part of the trial court’s sentence imposing the $1,000 fine, the State correctly concedes that the maximum fine allowable is $500. § 775.02, Fla.Stat. (1991); Aaron v. State, 284 So.2d 673 (Fla.1973); Thomas A. Edison College, Inc. v. State Bd. of Independent Colleges and Universities, 411 So.2d 257 (Fla. 4th DCA 1982). Accordingly, the monetary fine is reduced from $1,000 to $500. In all other respects, the judgment and sentence of the trial court are affirmed.
Affirmed as modified.