707 So.2d 738 (1997)
Deborah BLALOCK, Petitioner,
v.
Everett RICE, as Sheriff of Pinellas County, Florida, Respondent.
No. 97-01578.
District Court of Appeal of Florida, Second District.
September 10, 1997.
*739 Bob Dillinger, Public Defender, and Kari Kepp, Assistant Public Defender, Clearwater, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Deborah Blalock petitioned this court for a writ of habeas corpus challenging the legality of her confinement for indirect criminal contempt in a domestic relations matter. We have jurisdiction. See Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997); Roundtree v. Felton, 656 So.2d 584 (Fla. 3d DCA 1995); Jackson v. State, 562 So.2d 855 (Fla. 5th DCA 1990); Durant v. Boone, 509 So.2d 1275 (Fla. 1st DCA 1987).
At the time this petition was filed, Blalock had already served almost two months of a sixteen-month sentence. Her plight was brought to the attention of an Assistant Public Defender by jail personnel who were confounded by a county jail sentence that exceeded one year. Because Blalock alleged serious violations of her rights in the proceeding which led to her incarceration, we required a prompt response from the Attorney General. Two days after we ordered the response, the trial court sua sponte entered an order releasing her from custody and vacating the judgment and sentence for which review was sought.
Although the issues raised by the petition may now be moot because of Blalock's release, we are concerned that these judicial errors are capable of repetition. Our concern stems not only from the number of significant errors that are apparent on the face of this record, but also from the fact that the order setting aside the judgment and sentence under attack and scheduling another contempt hearing contains additional errors. Accordingly, notwithstanding the suggestion of mootness, we review the trial court's rulings. See Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984).
The scant record we have assembled from Blalock and the State discloses that she has accumulated an unenviable record of nonpayment of her child support obligations growing out of a 1984 divorce, including prior contempt citations. In support of her petition for writ of habeas corpus, Blalock alleges the following facts.
On March 5, 1997, the petitioner was taken into the custody of the respondent on an Order to Show Cause and Order of Arrest. Counsel is uncertain as to the specific Order to Show Cause and Order of Arrest upon which the arrest was made. There are two separate Orders to Show Cause in the court file dated October 24 and December 9, 1996. (Appendix pp. 2, 3) A Notice of Arraignment was filed March 6, 1997 requiring the petitioner to appear before the Court on March 10, 1997. (Appendix p. 4) The purpose of this appearance before the Court was to show cause as to why the petitioner should not be "HELD IN CRIMINAL CONTEMPT AND JAILED." The Notice of Arraignment was `[p]ursuant to Florida Rule of Criminal Procedure 3.840.' At this appearance, petitioner apparently signed a Waiver of Right to Attorney. (Appendix p. 5). Counsel must assume this fact from the existence and location of the Waiver in the court file because the Waiver is not dated. As a result of this appearance, a Judgment and Sentence of Criminal Contempt was entered sentencing the petitioner to jail for 16 months. (Appendix p. 6). The Judgment and Sentence indicates the cause at issue at this March 10, 1997 appearance was an Order to Show Cause and Order of Arrest dated July 15, 1996. However, counsel was unable to locate an Order to Show Cause with this date in the court file. The Judgment and Sentence states 1) the Court advised petitioner of her Constitutional Rights, 2) the petitioner voluntarily entered a plea of guilty, 3) the petitioner was given the opportunity to present facts in mitigation and 4) the Court advised petitioner of the right to appeal.
We asked the State to supplement its response with any record associated with this contempt hearing. No transcript was provided, and we reach the unfortunate conclusion that no court reporter was present during the hearing at which Blalock apparently *740 waived her right to an attorney, waived her right to a trial, entered a plea of guilty, and was sentenced to sixteen months in the county jail. The court's order dated March 10, 1997, entitled "Judgment and Sentence of Criminal Contempt," leaves no doubt that the sentence imposed was a criminal sanction. "[C]riminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings." Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985) (citing Aaron v. State, 284 So.2d 673 (Fla.1973)). Because the trial court failed to make a record of the proceeding, we are unable to fully address all of the issues raised by Blalock. However, we will address those errors that appear on the face of the record.

I. Stenographic Record
Florida Rule of Judicial Administration 2.070(b) requires that all criminal proceedings shall be reported at public expense to provide for meaningful appellate review of convictions. Florida Rule of Criminal Procedure 3.171(e) provides that proceedings at which a defendant pleads guilty or nolo contendere shall be of record, and Florida Rule of Criminal Procedure 3.721 provides that the court shall ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed. Not one of these rules was followed.
In Rader v. State, 571 So.2d 556 (Fla. 4th DCA 1990), the Fourth District acknowledged the mandatory language in rule 2.070 and expressed discomfort with one of its prior opinions that held the rule was directory, but nevertheless, followed its prior opinion and held that, absent a request by the defendant for a court reporter, the lack of record does not mandate a reversal. We disagree and hold that both the clear language of rule 2.070(b) and the contemnor's right to due process require that the trial court ensure that a record is made of a criminal contempt proceeding. While automatic reversal because of a lack of record may not be required in every instance, facially sufficient claims on plenary appeal from an adjudication of contempt, or allegations made in a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850, or, as here, in a habeas proceeding, which cannot be refuted by the record will invariably mandate vacation of the judgments. As an example, Blalock claims that she admitted she failed to pay support but that there was no factual basis to establish a willful refusal to pay or appear in court to explain her nonpayment. Criminal contempt proceedings are only appropriate when it can be established that the party in default has continually and willfully neglected his or her support obligations, or has affirmatively acted to divest himself or herself of assets and property. See Bowen, 471 So.2d at 1279. Blalock appends documentation to her petition which establishes that at least some of the violations of her support order occurred at times in which she was confined in the Pinellas County Jail. Blalock's proffer of her factual innocence based upon her incarcerative status at the time she failed to pay or appear in court overcomes the requirement to show prejudice as a condition precedent to obtaining relief based on the lack of a factual basis to support a plea. See Colding v. State, 638 So.2d 1008 (Fla. 2d DCA 1994); Fla. R.Crim. P. 3.172(i). With no record to rebut her claim, this court would have no alternative but to vacate her plea and adjudication. See Koenig v. State, 597 So.2d 256 (Fla.1992).

II. Waiver of Attorney
The form utilized by the trial court to establish a waiver of Blalock's right to an attorney contains recitals that are legally incorrect and fails to meet the requirements of Florida Rule of Criminal Procedure 3.111(d). First, it informs Blalock that she can be sentenced to a term of one year in the county jail if found guilty and be ordered to pay a fine of up to $1000. The maximum fine that can be imposed is $500. See §§ 38.22, 775.02, Fla. Stat. (1995); see also Moorman v. Bentley, 490 So.2d 186, 187 (Fla. 2d DCA 1986). Furthermore, a person found guilty of indirect criminal contempt may not be sentenced to more than six months without the benefit of a jury to try the facts. See Aaron, 284 So.2d at 676-77. If a jury trial is provided, or if the contemnor waives this right, the maximum sentence is one year in the county jail. See id.; see also § 775.02; Bentley, 490 So.2d at 187. Nowhere in the *741 record before us is there any indication that Blalock was apprised of and waived her right to a jury. Even if she had, the trial court imposed an illegal sentence of sixteen months.
Next, a waiver of counsel must either be made in court, in which case it shall be of record, or be made in writing with not less than two attesting witnesses. We have no way to determine whether the undated waiver form utilized by the trial court was signed in open court. If it was, it fails because there is no accompanying record of the waiver. If the form was executed out-of-court, it fails for want of attesting witnesses. See Fla. R.Crim. P. 3.111(d)(4). Regardless of where a waiver form is signed, prior to accepting a waiver, the trial court is required to make a thorough inquiry and determine that the accused is making an intelligent and understanding waiver. See Fla. R.Crim. P. 3.111(d)(2) and (3). The trial court must also advise the defendant of the dangers and disadvantages of self-representation. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Chestnut v. State, 578 So.2d 27, 28 (Fla. 5th DCA 1991). Once again, because there is no record, we are unable to conclude that the trial court complied with any of these requirements.

III. The Plea of Guilty
Florida Rule of Criminal Procedure 3.172 sets forth the requirements a trial court must follow in accepting a plea of guilty or nolo contendere to a criminal charge. These protections are afforded the accused to ensure that the plea is voluntary, and to establish that there is an adequate factual basis to support the plea. As we have previously indicated, rule 3.171(e) provides that proceedings at which a defendant pleads guilty shall be of record. The absence of a record prevents us from reviewing the plea to determine if it comported with the requirements of rule 3.172 and the constitutional dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Therefore, the failure of the trial court to make a record of the plea colloquy vitiates the entire proceeding.

IV. The Judgment and Sentence
Florida Rule of Criminal Procedure 3.840(f) governs the verdict and judgment in cases involving indirect criminal contempt. This provision has been construed to require that written findings of fact must be included in a judgment of indirect criminal contempt unless sufficient oral findings are made on the record. See Gidden v. State, 613 So.2d 457, 460 (Fla.1993). Blalock's judgment of criminal contempt is totally devoid of any factual findings, and no record exists for us to examine whether sufficient oral findings were made.
In addition, as earlier explained, the maximum sentence Blalock faced without benefit of a jury trial, or intelligent waiver thereof, was a jail term of less than six months. Had she invoked her right to a jury trial, or voluntarily waived this right, she would have been subject to incarceration for up to one year. The trial court imposed a sentence of sixteen months in jail. This sentence is illegal.

V. The Order Setting Aside Judgment and Sentence
We observe additional errors in the order that set aside the judgment and sentence that are the subject of this habeas petition. In addition to directing that Blalock be released from detention and that the judgment and sentence of contempt be set aside, the order directs Blalock to "appear at an Arraignment on the charge of Indirect Criminal Contempt." The order sets forth a date, time and place for the arraignment and then recites the essential facts constituting the contempt charge. It concludes by reciting that the public defender is appointed to represent Blalock. We read this order as an attempt to initiate another contempt proceeding. The order is deficient in several respects. It is clear that this is not simply a notice to set another hearing on the July 15, 1996, order to show cause that is referred to in the judgment and sentence. Without addressing the propriety of such a procedure, we note that the facts constituting the contempt is a list of dates on which Blalock is alleged to have failed to pay support or appear in court, all of which occurred after July 15, 1996. Indirect criminal contempt proceedings must be initiated by service of an order to show cause that meets all of the requirements of rule 3.840(a). A notice of *742 arraignment will not suffice. "Failure to comply with Rule 3.840 constitutes fundamental error." Giles v. Renew, 639 So.2d 701, 702-03 (Fla. 2d DCA 1994).

VI. Conclusion
We conclude our review by repeating a reminder that the supreme court announced when issuing a public reprimand to a judge who was found guilty by the Judicial Qualifications Commission of exercising his contempt powers in an arbitrary and improper manner without regard for due process of law.
[A]lthough the power of contempt is an extremely important power for the judiciary, it is also a very awesome power and is one that should never be abused. Further, because trial judges exercise their power of criminal contempt to punish, it is extremely important that they protect an offender's due process rights, particularly when the punishment results in the imprisonment of the offender.
In re Inquiry Concerning Perry, 641 So.2d 366, 368 (Fla.1994).
Blalock's petition for writ of habeas corpus, having merit when filed, is denied as moot.
ALTENBERND, A.C.J., and FULMER and WHATLEY, JJ., concur.