708 So.2d 306 (1998)
Bridgett M. CONLEY, Petitioner,
v.
Lee CANNON, Sheriff of Pasco County, Florida, Respondent.
No. 98-00210.
District Court of Appeal of Florida, Second District.
March 6, 1998.
Bob Dillinger, Public Defender, and Kari Kepp, Assistant Public Defender, Clearwater, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Respondent Lee Cannon, Sheriff of Pasco County.
Cedric P. Hay of Beil & Hay, P.A., Hudson, for Ollie Conley.
BLUE, Judge.
Bridgett M. Conley (Conley) petitions this court for a writ of habeas corpus alleging illegal confinement as a consequence of an order finding her to be in, as we determine below, indirect criminal contempt of court. She was jailed on December 17, 1997, and through counsel filed the petition on January 20, 1998; on that date we ordered appropriate parties to respond by January 23. On January 22, 1998, the circuit judge who had entered the order for which review is sought signed an order vacating the finding of contempt and the resulting incarceration.[1] We *307 deny the petition because the controversy has been rendered moot by the vacation of the order of confinement.
Our January 20, 1998, order directed the responding parties to refer specifically to the trial court's compliance with the directives of Blalock v. Rice, 707 So.2d 738 (Fla. 2d DCA 1997). The attorney general's office has referred to three instances in the contempt proceedings in which the trial court failed to afford Conley procedural due process. The attorney general's response does not deny Conley's assertion that she was never given actual notice of, and thus did not attend, the hearing in which evidence against her was presented, if in fact a hearing was convened.
This dispute arose in connection with a domestic relations case in which counsel for the father of the parties' minor children improperly instituted civil contempt proceedings, utilizing a modified form of Florida Rules of Civil Procedure Form 1.982, in a factual setting demanding the use of criminal contempt, which is governed by Florida Rules of Criminal Procedure 3.830 and 3.840. Conley's alleged misconduct occurred outside the presence of the court, and the order finding her in contempt contains no purge provision. Thus we treat the order as one finding her in indirect criminal contempt. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985).
In Blalock, this court analyzed the procedural requirements essential to a proceeding in indirect criminal contempt. The trial court's disregard for Conley's right to procedural due process might be excused if Blalock, issued only a month before the order was entered, had broken new ground. Instead, that opinion is largely a synthesis of case law which has grown out of the supreme court's definitive treatment of contempt in Bowen issued in 1985. Bowen reiterated the principle that criminal contemnors are entitled to the constitutional due process protections afforded those in traditional criminal prosecutions. See Bowen, 471 So.2d at 1277. Conley's prosecution was evidently conducted in her absence, without substantiation that she had actual notice of the proceedings, with no charging document, and without the benefit of a verbatim record from which review could be sought in this court. Conley's period of incarceration was for an indefinite time period, limited only by the directive that she be brought before the trial court for further proceedings. A month after she was apprehended, her attorney's efforts to secure her release through a writ of habeas corpus apparently prompted the trial court to release her from jail and to vacate the order finding her in contempt.
Our supreme court has characterized contempt power as an awesome one and strongly cautioned against its abuse of an offender's due process rights. See In re Inquiry Concerning Perry, 641 So.2d 366, 368 (Fla.1994). Conley spent a month in jail with no bond as a criminal sanction following a proceeding of which she was unaware and for which there is no record.
We commend, especially to trial courts assigned to divisions where contempt powers are most routinely utilized, the precaution we expressed at the conclusion of Blalock concerning the dangers not only to litigants but to trial judges as well when contempt powers are abused. See Blalock, 707 So.2d at 742. Release of the confined contemnor as soon as application is made to this court to review the proceeding, as happened in Blalock and again in this case, does not rectify the deprivation of a citizen's rights; nor does it necessarily mitigate the consequences which can follow a trial court's studied indifference to procedural due process.
Conley's petition for writ of habeas corpus had merit but now must be denied as moot.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] While the response by the attorney general's office makes no mention of a release predating the trial court order of January 22, 1998, Ollie Conley, the opposing party in the trial court, represents that the trial judge on his own motion directed Bridgett Conley's release on January 16, one business day before the instant petition for writ of habeas corpus was filed with this court and the same date Bridgett Conley's counsel certified service of it upon opposing counsel and the trial court.