KLEIN, J.
Appellant mother, who, lives in Connecticut, did not return the parties’ children to the father in Florida after summer visitation. This required the husband to seek relief in Florida, and eventually the mother returned the children. She then filed a motion for modification of the judgment of dissolution in Florida.
The trial court awarded the father attorney’s fees which he incurred in the proceedings necessitated by the mother’s wrongful refusal to return the children, because the court found the mother was in bad faith, and in addition required the mother to pay the fees before she could go forward with modification proceedings. The mother appeals both the award of fees and the requirement that she pay them as a condition to proceeding.
We disagree with the mother’s first argument that her negative net worth and negative net income require reversal of the award of fees. Although need and ability to pay are things which the trial court must *313 consider, St. Pierre v. Greenberg, 697 So.2d 218 (Fla. 4th DCA 1997), the mother’s financial condition does not end the discussion. As Judge Polen explained in Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990):
While the purpose of considering the parties’ finances in awarding attorney’s fees is to insure that both parties are not limited in their ability to receive adequate representation due to disparate financial status, this equitable principle must be flexible enough to permit the courts to consider cases with special circumstances.... A party’s financial status should not insulate them from the consequences of their conduct within the judicial system.... Here appellant abused the system through inequitable conduct which resulted in needless litigation and legal fees. She cannot now avoid the consequences of that conduct by using her diminished financial status as a shield. Rather than impermissibly awarding the fee as a punitive measure, the award was based on the additional work made necessary by appellant, [citations omitted].
See also Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997), in which our supreme court held that attorney’s fees under section 61.16, Florida Statutes are not limited to need and ability to pay and that courts can consider “any factor necessary to provide justice and ensure equity between the parties.” We therefore affirm the award of fees.
We do agree with appellant that the court should not have conditioned her proceeding with modification on those fees being paid. The modification proceedings involve the best interests of the children, and they should not be made to suffer because of their mother’s conduct. Under the circumstances in this case, accordingly, the court should not have conditioned further proceedings upon payment. We therefore affirm the award of fees, but reverse that portion of the order staying the modification proceeding until the fees are paid.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.