727 So.2d 291 (1999)
Tim PALETTI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1796.
District Court of Appeal of Florida, First District.
February 12, 1999.
*292 Tim Paletti, Pro Se, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The state properly concedes that the trial court failed to comply with the basic requirements of due process in the indirect criminal contempt proceeding below. We reverse.
On April 14, 1997, Richard Corbin filed an affidavit asserting that appellant should be held in contempt for trespass on the real property (a restaurant and marina) that had been the subject of lengthy litigation between Corbin and his company (Yellow Jacket) and appellant. Judge David Bembry[1] issued an order requiring appellant to appear on April 25, 1997, and show cause why he should not be held in contempt under Fla. R.Crim. P. 3.840. The order was not mailed until April 18, 1997, but was personally served on appellant on April 22, 1997. The order did not recite any facts upon which the contempt charge was based, and although the order recited that the matter "came on for consideration" pursuant to Corbin's affidavit, the affidavit was neither incorporated by reference nor attached.
Appellant appeared without counsel in Judge Bembry's chambers for the hearing on April 25, 1997. Corbin's counsel represented that his client had several motions for the court to hear. Appellant promptly objected that he had not received notice or copies of the motions, had not had time to read the motions, and had not had time to obtain counsel. He stated that he had appeared only for the noticed contempt hearing. Further, appellant objected to holding the indirect criminal contempt hearing on the grounds that he had not been provided proper notice, that he had had inadequate time to prepare because he had been in federal court with regard to his bankruptcy case on the previous two days, that the court was not following the proper procedure for such a hearing, that he was being denied his right to an attorney, and that he had not been afforded his right to subpoena the several witnesses that he named. The court did not respond to appellant's objections. Later, the court informed appellant that the indirect criminal contempt charge stemmed from Corbin's affidavit, which was on file with the court, and that appellant was charged with violating the court's verbal and written orders, which he said prohibited appellant from interfering with Yellow Jacket's property possession. The court stated some of the facts in the affidavit and asked appellant to show cause why he should not be held in contempt. Appellant reiterated his previous objections to the indirect criminal contempt hearing and added that it was improper because it had not been filed as a separate action by the state, but as part of the property case; he requested that the judge recuse himself[2]; he requested a continuance; and he asserted that he was entitled to the rights of any criminal defendant. The court's response was to hold appellant in contempt and sentence him to 90 days in jail.
*293 It is abundantly clear that appellant's right to due process was not observed below, and the cause must be reversed. It is well settled that in indirect criminal contempt proceedings, greater procedural due process safeguards are accorded the defendant. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). As the supreme court explained in Gidden v. State, 613 So.2d 457, 460 (Fla. 1993), an individual accused of indirect criminal contempt is protected by the full panoply of due process rights:
In contrast [to direct criminal contempt], indirect criminal contempt under rule 3.840 [Florida Rule of Criminal Procedure] concerns conduct that has occurred outside the presence of the judge. Consequently, as reflected by the substantial requirements of rule 3.840, the indirect criminal contempt process requires that all procedural aspects of the criminal justice process be accorded a defendant, including an appropriate charging document, an answer, an order of arrest, the right to bail, an arraignment, and a hearing. A defendant is entitled to representation by counsel, may compel the attendance of witnesses, and may testify in his own defense. The entire proceeding is conducted in open court and made a part of the record.
The above due process guarantees appear in the plain language of Fla. R.Crim. P. 3.840. Section(a) of the rule provides that the order to show cause in an indirect criminal proceeding must "stat[e] the essential facts constituting the criminal contempt charged" and "shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant." In the instant case appellant not only was not provided with notice of the facts underlying the contempt charge, he was afforded an insufficient amount of time to prepare to meet the contempt charge in this inadequate order, and the court improperly denied appellant's repeated requests for a continuance. Paragraph (d) of the rule states the following:
Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto at the defendant's request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and testify in his or her own defense. All issues of law and fact shall be heard and determined by the judge.
In the instant case, the court dispensed with the necessities of taking a plea and providing a fair hearing, failed to address appellant's recusal motion, and did not consider appellant's repeated assertions of his substantive rights to counsel and to subpoena witnesses on his behalf. In addition, section (g) of the rule requires the proceeding to be held in open court, and the proceedings in the instant case were held in the judge's chambers.
In light of the trial court's failure to accord appellant his due process right, we reverse the judgment and sentence in this case. On remand for further proceedings consistent with this opinion, we direct the chief judge of the circuit to appoint another judge to preside over this cause.
MINER, ALLEN and BROWNING, JJ., CONCUR.
NOTES
[1] In Paletti v. Corbin, 717 So.2d 1056 (Fla. 1st DCA 1998), this court granted Paletti's petition for writ of prohibition and directed Judge Bembry to enter an order of recusal from further presiding over the underlying real property case.
[2] Appellant had previously filed a written, formal motion to recuse. See the previous footnote.