732 So.2d 6 (1999)
Ellen T. BAKER, Appellant,
v.
Kenneth J. GREEN, Appellee.
Nos. 98-0793, 97-3940.
District Court of Appeal of Florida, Fourth District.
March 31, 1999.
Rehearing Denied May 12, 1999.
*7 Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellee.
GROSS, J.
The former wife, Ellen Baker, appeals an order holding her in contempt of court. The order is properly characterized as involving indirect criminal contempt, since a $10,000 fine was imposed to punish Baker for her disobedience of the trial court's previous orders and to deter similar conduct in the future. See Pompey v. Cochran, 685 So.2d 1007, 1012-13 (Fla. 4th DCA 1997). Another indicator of criminal contempt is that the order did not give the former wife the opportunity to purge herself of the contempt and avoid the fine. See Deter v. Deter, 353 So.2d 614, 617 (Fla. 4th DCA 1977).
An indirect criminal contempt proceeding must comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840. See Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). In this case there was no sworn affidavit or testimony to support the trial court's issuance of the order to show cause. If the order does not issue on the judge's own motion, Rule 3.840(a) provides that an order to show cause may issue "on affidavit of any person having knowledge of the facts." Where there is no affidavit or sworn testimony to support the issuance of an order to show cause, the failure to comply with the rule is fundamental error and a contempt order arising out of that proceeding may not stand. See Fay v. State, 608 So.2d 589, 589 (Fla. 4th DCA 1992); Hunt v. State, 659 So.2d 363, 364 (Fla. 1st DCA 1995); Judkins v. Ross, 658 So.2d 658, 659 (Fla. 1st DCA 1995); Reins v. Johnson, 604 So.2d 911, 911 (Fla. 2d DCA 1992); Starchk v. Wittenberg, 411 So.2d 1000, 1001 (Fla. 5th DCA 1982). This was not a case where the contemnor "affirmatively represented to the trial court that she waived" an irregularity in the contempt procedure. Cf. Persoff v. Persoff, 589 So.2d 1007, 1009 (Fla. 4th DCA 1991).
We reverse that portion of the September 12, 1997 order holding the former wife in contempt and assessing a fine. Should the issue of the amount of a punitive fine arise on remand, we note that the maximum punitive fine that might be assessed for each act of contempt is $500. See Goodman v. State, 468 So.2d 468, 468 (Fla. 4th DCA 1985); Haft v. State, 458 So.2d 1228, 1228 (Fla. 4th DCA 1984); Thomas A. Edison College, Inc. v. State Bd. of Indep. Colleges and Univs., 411 So.2d 257, 258 (Fla. 4th DCA 1982); Soven v. State, 622 So.2d 1123, 1126 (Fla. 3d DCA 1993).
We affirm the award of attorney's fees to the former husband. The proceedings below involved the former husband's attempt to secure his summer visitation. The record supports the trial judge's conclusion that the former wife inexcusably frustrated the former husband's visitation, so that he was forced to resort to court. In addition to the finding of contempt, the order on appeal properly compensated the former husband for expenses he incurred as a result of the former wife's conduct. Under these circumstances, the award of attorney's fees was proper. See Rosa v. Rosa, 723 So.2d 312, 313 (Fla. 4th DCA *8 1998). The amount awarded for fees was eminently reasonable.
Affirmed in part; reversed in part and remanded.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.