BENTON, J.
William Hemesath appeals an order finding him in direct criminal contempt for committing perjury. Because the trial court abused its discretion in denying defense counsel’s motion for a continuance, we reverse and remand for further proceedings.
Mr. Hemesath petitioned the trial court for a domestic violence injunction against his wife. During two hearings on the injunction, he testified that his relationship with a female co-worker was purely platonic. At the second hearing, Mr. Hemesath’s wife offered evidence that the relationship was of a more “romantic” character. Having heard this evidence, the trial court issued an order to show cause why Mr. Hemesath should not be held in direct criminal contempt for intentionally misrepresenting the nature of the relationship under oath.
Eschewing the summary procedures authorized for direct criminal contempt, see Fla. R.Crim. P. 3.830 (“A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.”), the trial court utilized the procedures under Florida Rule of Criminal Procedure 3.840. See Nunes v. State, 434 So.2d 366, 366-67 (Fla. 4th DCA 1983) (“Direct criminal contempt may be dealt with summarily but when a true factual issue is presented it should-be determined based upon the readily available evidence when there is a request by the defendant to present evidence.”).
Counsel was appointed for Mr. Hemesath as the evidentiary hearing began. In proceedings under Rule 3.840, the alleged contemnor has the right to counsel. See Fla. R.Crim. P. 3.840(d); Paletti v. State, 727 So.2d 291, 293 (Fla. 1st DCA 1999). Immediately upon his appointment, defense counsel moved for a continuance in order to prepare generally and specifically to subpoena a critical witness (the female co-worker). Although this was Mr. Hem-esath’s first and only motion for continuance, the trial court denied the motion, on the ground that Mr. Hemesath had not timely filed a financial affidavit, see § 27.52(l)(f), Fla. Stat. (1997), and immediately went forward with the evidentiary hearing.
The trial court abused its discretion in denying the motion for continuance. See Kimbrough v. State, 352 So.2d 925, 928 (Fla. 1st DCA 1977) (“Timely appointment and opportunity for adequate preparation are absolute prerequisites for counsel to fulfill his constitutionally assigned role of *498 seeing to it that available defenses are raised and the prosecution is put to its proof.”). We therefore reverse and remand for further proceedings. We do not reach any other issue presented on appeal.
Reversed and remanded.
DAVIS and PADOVANO, JJ„ CONCUR.