PER CURIAM.
In Martin v. State, 711 So.2d 1173 (Fla. 4th DCA 1998) we reversed an order holding appellant in direct criminal contempt because the trial court had not followed Florida Rule of Criminal Procedure 3.830, which requires that the court give the contemnor an opportunity to explain why he should not be adjudicated guilty before punishment is imposed. The facts comprising the contempt are set forth in that opinion. On remand, the court gave appellant the opportunity to explain and then imposed the same thirty day sentence. We find no error and affirm.
At the hearing pursuant to our remand of the prior appeal, appellant made additional contemptuous remarks impugning the integrity of the court, and the court, after giving appellant an opportunity to explain why he should not again be found guilty ,of direct criminal contempt, found him in direct criminal contempt and sentenced him to five months and twenty-nine days in the Palm Beach Detention Center. Appellant now appeals the second criminal *592 contempt conviction, case number 98-2639, which we consolidated with case number 98-2637.
Appellant argues that this conviction should be reversed because there was no court reporter at the proceedings below, citing Blalock v. Rice, 707 So.2d 738 (Fla. 2d DCA 1997). In Blalock the second district held that Florida Rule of Judicial Administration 2.070(b), which requires all criminal proceedings to be reported at public expense, was mandatory in a case in which the contemnor was found to be in indirect criminal contempt in a domestic relations case. Blalock recognized that this court had held the language of rule 2.070(b) directory, rather than mandatory, in Rader v. State, 571 So.2d 556 (Fla. 4th DCA 1990).
We need not decide whether this cotart should reconsider Rader in light of Blal-ock, because this case is distinguishable from Blalock. First, in Blalock the charges were for indirect criminal contempt, a proceeding in which the individual is protected by the full panoply of due process rights. Paletti v. State, 727 So.2d 291 (Fla. 1st DCA 1999). In the present case the appellant was charged with direct criminal contempt which, under rule 3.830, may be punished summarily.
In addition, in Blalock, the defendant was arguing that in the absence of a transcript, there was nothing to show that she had willfully refused to pay, that she had properly waived counsel, or that her plea of guilty had been properly made, issues which could not have been resolved in that case without a record. None of those issues are raised in this case.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
KLEIN, TAYLOR and HAZOURI, JJ., concur.