DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICHOLAS P. SANDELIER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3695

[February 28, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432016CF000487A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals an order on direct criminal contempt. He argues the trial court erred in: (1) improperly classifying his failure to appear as direct contempt; (2) failing to comply with the procedural requirements for indirect contempt proceedings; and (3) failing to make sufficient findings in the judgment. We agree with him on his first two arguments and reverse.

When the defendant failed to appear at a court hearing, the trial court issued a bench warrant and estreated his bond. The defendant moved to recall the bench warrant and set aside the bond estreature. At the hearing on his motion, the following occurred:

> THE COURT: All right, [defendant], it is my practice to concurrently hold a contempt hearing because of failure to appear is considered direct contempt if it's willful; at the same time we hear the issue about recalling the bench warrant since the issue is overlapping meaning if I hold you in

contempt, I can sentence you independently to six months in the county jail at the same time I hold you without bond in that regard, so, just so you're aware of that, so, I will notice you that that's what we're doing at this time. Did you want to talk to your lawyer about that or do you understand that?

(TRANSCRIBER NOTE: Pause)

[DEFENSE COUNSEL]: We're ready, Your Honor.

THE COURT: You're ready to go forward? All right, so, at this time I will be conducting a contempt hearing at the same time we issue the - we address the issue of recalling the bench warrant and setting aside the estreature. If you raise your right hand, [defendant], the clerk will swear you.

The court then asked the defendant why he should not be held in contempt for failing to appear. The defendant explained there had been a misunderstanding. He showed up to court at 1:30 p.m. on September 28, 2016, only to discover the hearing was set the day before.

The defendant testified that he called the court clerk and his bondsman to confirm the court date on the morning of September 27. His bondsman told him the court date was September 28, and the clerk told him the hearing was at 1:30 p.m. The defendant also told the court he had a problem with a truck in the middle of the state that needed to be moved.

The court asked the defendant why the truck was relevant to his failure to appear. The defendant replied he did not know, but later said it was why he should not be held in contempt. The State advised the court that the defendant had nine prior felony convictions (seven from his juvenile record) and five prior failures to appear.

The defendant again explained he was provided the wrong date from his bondsman. He also advised his mother was in court and could corroborate his testimony. The court replied "I can't hear what he said from you; if you need to call [the bondsman] as a witness, he needs to be here now, period, and he is not, so, if you want to call the mother, call the mother." The defendant's mother then gave corroborating testimony.

After the parties concluded their arguments, the following occurred:

THE COURT: [Defendant] I don't believe you, period, end of story, so, I find you in contempt. On the issue of contempt as

2

far as your punishment is concerned, you have the opportunity to present mitigating evidence, you did by your testimony, your calling witnesses as far as what your sentence should be. Do you wish to present any evidence on mitigation?

(TRANSCRIBER NOTE: Pause)

[DEFENSE COUNSEL]: No, Your Honor, we're just asking for leniency in that matter.

. . . .

THE COURT: Having found you in contempt, [defendant], I will adjudicate you guilty of contempt and sentence you to 159 days in the county jail as punishment for the contempt. Your request to vacate the bench warrant and set aside the estreature is denied. You have 30 days to appeal the issue of the finding of the contempt in this matter, you have the right to an attorney and appeal in that regard. Thank you.

The court entered a judgment and sentence on direct criminal contempt, from which the defendant now appeals.

We review contempt orders for an abuse of discretion. *Napoli v. Napoli*, 142 So. 3d 953, 954–55 (Fla. 4th DCA 2014).

Our supreme court has held that a party who is ordered by the trial court to appear at a scheduled hearing, but fails to do so, must be found in indirect criminal contempt, rather than in direct criminal contempt. *State v. Diaz de la Portilla*, 177 So. 3d 965, 972 (Fla. 2015). The State agrees and so do we. The trial court erred in finding the defendant guilty of direct criminal contempt.

The defendant next argues the trial court failed to comply with numerous provisions of Florida Rule of Criminal Procedure 3.840. The State suggests the defendant waived this argument. *See Rader v. State*, 571 So. 2d 556 (Fla. 4th DCA 1990). Here, the defendant did not specifically use the word "waive." But, after being put on notice of the trial court's intention to conduct a contempt hearing, the defendant appears to have agreed to proceed with the hearing. Nevertheless, we do not find a knowing, intelligent waiver to have occurred here.

"Only an express waiver will suffice to estop the aggrieved party from challenging the adjudication on appeal." *Reins v. Johnson*, 604 So. 2d 911, 911 (Fla. 2d DCA 1992) (citing *Persoff*, 589 So. 2d at 1007). We disagree that the defendant waived the arguments now made. He clearly asked about having the bondsman testify on his behalf, but had no time in which to do so.

Given the proverbial "rock and the hard place" in which the defendant was situated, it is not surprising he felt pressured into going forward with this impromptu hearing. *See, e.g., Gratz v. State*, 84 So. 3d 1219, 1221 n.3 (Fla. 3d DCA 2012) ("Given the limited choices of trial dates afforded the defense, and defense counsel's immediate clarification of his readiness and articulated reasons why a continuance was necessary, we reject the State's waiver argument.").

Indirect criminal contempt proceedings require strict adherence to rule 3.840. *Levey v. D'Angelo*, 819 So. 2d 864, 869 (Fla. 4th DCA 2002). Failure to comply with the procedural requirements of rule 3.840 constitutes fundamental error. *Baker v. Green*, 732 So. 2d 6, 7 (Fla. 4th DCA 1999). A party's failure to raise the issue of noncompliance with rule 3.840 will not bar full consideration of the issue on appeal. *Persoff v. Persoff*, 589 So. 2d 1007, 1008-09 (Fla. 4th DCA 1991).

Indirect criminal contempt is a proceeding in which the individual is protected by the full panoply of due process rights. *Martin v. State*, 743 So. 2d 591, 592 (Fla. 4th DCA 1999). This court has reversed an indirect criminal contempt charge where the defendant was not provided formal written notice of the charge. *Martinez v. State*, 976 So. 2d 1222, 1223 (Fla. 4th DCA 2008).

Other districts have reached similar conclusions. *See Maloy v. Judd*, 209 So. 3d 581 (Fla. 2d DCA 2015) (holding the trial court failed to comply with rule 3.840 by failing to issue a written order to show cause); *J-II Investments, Inc. v. Leon County*, 21 So. 3d 86, 89 (Fla. 1st DCA 2009) (holding rule 3.840 requires the trial court to issue an order to show cause); *De Castro v. De Castro*, 957 So. 2d 1258, 1260 (Fla. 3d DCA 2007) (reversing for failure to issue show cause order).

Our supreme court has interpreted Rule 3.840 to

> **require[] that the court issue an order to show cause** with reasonable time allowed for preparation of the defense and further provides that the defendant is "entitled to be represented by counsel, have compulsory process for the

4

attendance of witnesses, and testify in his or her own defense." These **necessary procedures** for indirect criminal contempt proceedings were not followed in this case.

*Plank v. State*, 190 So. 3d 594, 607 (Fla. 2016) (emphasis added) (internal citations omitted). The court erred in expediting the process without providing the defendant with a rule to show cause.

Rule 3.840 also requires a reasonable time to prepare a defense "after service of the order on the defendant." Fla. R. Crim. P. 3.840. We have held that a two-day notice is insufficient time to prepare and defend against an indirect criminal contempt charge. *Korn v. Korn*, 180 So. 3d 1122, 1124 (Fla. 4th DCA 2015); *see also Russ v. State*, 622 So. 2d 501, 502 (Fla. 5th DCA 1993) (holding two days insufficient); *Goral v. State*, 553 So. 2d 1282, 1283 (Fla. 3d DCA 1989) (holding two "actual working days notice" insufficient).

Here, the defendant received notice of the contempt hearing only moments before the final hearing took place. At the hearing, the defendant argued that his bail bondsman provided him the wrong date. The trial court suggested the defendant needed to have the witness present "now." The defendant was not provided with a reasonable time to prepare his defense.

In short, the trial court erred in failing to provide the defendant with notice, a reasonable time to prepare his defense, and compulsory process for the attendance of witnesses. *See* Fla. R. Crim. P. 3.840; *Baker*, 732 So. 2d at 7. We therefore reverse and remand the case.[1]

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We find no merit in the defendant's last argument that the trial court failed to provide sufficient findings. Written findings of fact, setting forth the basis for indirect criminal contempt, are not required where oral findings are made on the record. *Gidden v. State*, 613 So. 2d 457, 458 (Fla. 1993).