# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0158
Lower Tribunal No. 16-29739-FC-04

_____

**Lyon K. Makaver,**
Appellant,

vs.

**Carla F. Pozuelos,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Lyon K. Makaver, in proper person.

No appearance, for appellee.

Before EMAS, BOKOR and GOODEN, JJ.

PER CURIAM.

Lyon Makaver appeals a series of orders including an order barring pro se filings and an indirect civil contempt order. Mr. Makaver has filed, in both the trial court and in this court, a series of rambling motions, statements, and other papers. He has alleged unsupported conspiracies, conflicts of interest by presiding judges and participants, and otherwise taken an already fraught family situation and made it more difficult. So it is against this backdrop that we recognize the trial court's desire to prevent any further delay or needless waste of resources. But the trial court's management of the proceedings must observe procedural and substantive requirements. The contempt hearing, noticed first as an indirect civil contempt hearing then as an indirect criminal contempt hearing, and the resulting order, failed to comply with the requisite guidelines.

The transcript of the hearing reveals a proceeding in line with the later-filed indirect criminal contempt hearing and notice, including an oral finding of criminal contempt, while the written order finds Mr. Makaver in indirect civil contempt in line with the first-filed notice of hearing. If this was a criminal contempt hearing, and it was noticed as such, the proceedings failed to comply with the requisite procedural safeguards as outlined in Rule 3.840, Florida Rules of Criminal Procedure. Those rights include an arraignment where the defendant would be put on official notice of the charge and the

right to counsel. See Hemesath v. State, 732 So. 2d 496, 497 (Fla. 1st DCA 1999) (noting the right to counsel under Rule 3.840(d)).

The civil contempt aspect of the written order is also problematic. Procedurally, the entire hearing was directed to criminal contempt, that is, punishment for violating prior court orders barring pro se filings. Yet the order turns the criminal contempt findings and punishment into a civil contempt order. And the resulting order reflects this tension. Civil contempt is coercive in nature—forward looking—and must allow for some act by the contemnor to purge the contempt. But this order is more of a conclusory finding and a punishment. The order contains neither a coercive measure nor any purge provision. Rather, it restates the trial court's prior prohibition on unauthorized pro se filings while imposing a new requirement (punishment) that Mr. Makaver document at least five job applications each week. To be a valid civil contempt sanction the contempt order must include a purge provision. Parisi v. Broward County, 769 So. 2d 359, 365 (Fla. 2000). Here there is none. The reporting requirement was the exact condition of probation the trial court imposed orally at the hearing. It is a punishment or condition of probation, not a purge provision. And without a purge provision, "there is a danger that the contempt sanction could be transformed from a civil to a

3

criminal contempt sanction without any other underlying procedural protections attendant to criminal proceedings." Id.

We recognize that "[a]buse of the legal system is a serious matter, one that requires this Court to exercise its inherent authority to prevent." Lussy v. Fourth Dist. Ct. of Appeal, 828 So. 2d 1026, 1027 (Fla. 2002). And the trial court has tools to prevent such abuse, including contempt. But a contempt proceeding (including the notice, hearing, and resulting order) must comply with the relevant safeguards and procedural and substantive requirements. Because the contempt proceeding and resulting order on appeal does not comply with this standard, we are constrained to reverse and quash the civil contempt order.

We affirm, however, as to the prior order barring Mr. Makaver's pro se filings without review by a member of the Florida Bar, as the appeal is untimely as it relates to that order. A motion for reconsideration does not toll the time to file the appeal, and the fact that a subsequent order references the order barring filings does not reset the clock. See Couto v. People's Tr. Ins. Co., 320 So. 3d 224, 225 (Fla. 3d DCA 2021) (citing Fla. R. App. P. 9.020(h), 9.130(b)). We also affirm without discussion as to all other orders appealed.

Affirmed in part, reversed in part.

4