932 So.2d 330 (2006)
Trista Elan ROBINSON-WILSON, Appellant,
v.
Preston J.R. WILSON, IV, Appellee.
No. 4D05-312.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Michelle A. Delancy of Delancyhill, P.A., Miami, for appellant.
Robert W. Sidweber and Denise L. Ventimiglia of Robert W. Sidweber, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
GROSS, J.
We grant the motion for rehearing, withdraw our previous opinion, and substitute the following.
The circuit court found that the former wife was in contempt for repeatedly, intentionally, and maliciously interfering with the Former Husband's visitation with his daughter. Observing that the Former Wife did "not get the message" that she should "foster a healthy relationship between the daughter and the father," the court found that Former Wife did whatever she could to "stifle" and "complicate" the father-daughter relationship, and turned what "should be a sprint into a *331 hurdle race by making" the Former Husband "jump over hoops and sign papers." The court determined that "the Former Husband was denied visitation with his daughter, based on conduct of the Former Wife," who "went out of her way to interfere and deny timesharing" between the Former Husband and his daughter. The court ordered the Former Wife to pay $11,307.50 in attorney's fees and $960.35 toward the Former Husband's costs.
The trial court's findings are amply supported by the record. There is a great disparity between the incomes of the parties. Nonetheless, in this post-dissolution contempt proceeding, the award of attorney's fees and costs is proper for two reasons: under section 61.13(4)(c)1 Florida Statutes (2004), and as part of the inherent authority of the court under the inequitable conduct doctrine. See T/F Sys., Inc. v. Malt, 814 So.2d 511 (Fla. 4th DCA 2002); Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998); Baker v. Green, 732 So.2d 6, 7 (Fla. 4th DCA 1999).
Section 61.13(4)(c)1 provides that "[w]hen a custodial parent refuses to honor a noncustodial parent's . . . visitation rights without proper cause," the trial court "[m]ay order the custodial parent to pay reasonable court costs and attorney's fees incurred by the noncustodial parent. . . to enforce their visitation rights . . ." This statutory power to award attorney's fees is outside of section 61.16(1), Florida Statutes (2004), which requires a consideration of "the financial resources of both parties" as part of the decision to award fees and costs. The power to award fees is triggered by the wrongful conduct of the custodial parent, without consideration of the noncustodial parent's financial resources. The Former Wife's conduct in this case fell squarely within section 61.13(4)(c)1, so that the award of attorney's fees was proper.
The Former Wife's misconduct also justified an award of fees under the inequitable conduct doctrine. The trial judge's on-the-record findings satisfied the requirement that there be "an express finding of bad faith conduct" that is "supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002). As the trial court observed, "the evidence repeatedly demonstrated that the Former Husband was denied visitation with his daughter, based on conduct of the Former Wife, in creating circumstances and excuses to prevent visitation between [the daughter] and her father."
Affirmed.
GUNTHER and HAZOURI, JJ., concur.