PER CURIAM.
 

 Former wife Joan Ginnell timely appeals an order holding her in contempt of court and modifying a time-sharing plan. We affirm, and write to address several issues.
 

 After much acrimonious litigation, on January 23, 2008, the circuit court entered an order on time-sharing concerning the parties’ minor child. The judge found that both parents’ conduct was harmful to the child and that neither parent was acting in the child’s best interest. In the order, the judge attempted to craft a supervised visitation program that would redevelop the father-son relationship. The order warned both parents to curtail their negative behaviors and cautioned the former wife to avoid “alienation and non-productive comments about the child’s father.”
 

 Brian R. Pacetti, the former husband, filed a motion to hold Ginnell in contempt for violating the January 23 order. The court held a hearing that spanned four days in September, 2008 and February, 2009. Witnesses testified who described their contact with the child. After closing arguments, the judge noted that he had heard much information and asked the parties to prepare proposed orders, specifically instructing Pacetti to do so. The judge then discussed different remedies he might order. For example, the judge said he could order “meaningful makeup visitation, so the child has significant length of time with the father without the mother there, so that they can develop a relationship without Mom interfering, so that this reunification can take place; that may be an option.” The judge asked Ginnell to prepare a proposed order should he grant Pacetti’s motion for contempt, to suggest a remedy different than ones sought by Pa-cetti. Although she provided the court with a memorandum opposing Pacetti’s request for relief and a timesharing proposal, Ginnell did not submit a proposed order for the court’s review.
 

 On May 18, 2009, the trial judge issued an order finding Ginnell in contempt of the January 23 order. The court concluded that the goal of reunification with the father had been thwarted by “the willful actions” of Ginnell, “individually and through her counsel.” The court expressed concern that any “stepped up visitation process” would be “thwarted” by Ginnell. The court ordered “substantial, unsupervised makeup visitation” and established a regular schedule. The judge required Ginnell, as the parent who denied time-sharing without cause, to pay Pacetti’s at
 
 *219
 
 torney’s fees.
 
 [1]
 

 We reject Ginnell’s claim that the trial judge held her in contempt for violating some order other than the January 23 order. Although the court held numerous hearings, the operative contempt finding concerned only the January 23 order.
 

 Ginnell essentially claims that the trial court’s use of Pacetti’s final judgment violated
 
 Perlow v. Berg-Perlow,
 
 875 So.2d 383, 390 (Fla.2004), a case where “the trial judge erred ... by entering as the final judgment the proposed final judgment prepared by the wife’s attorney without giving the husband an opportunity to comment or object.” This contention is without merit for four reasons. First, unlike the judge in
 
 Perlón),
 
 the court here provided the parties with an opportunity to submit proposed orders. He did not discourage Gin-nell from doing so. Second, unlike the judge in
 
 Perlow,
 
 the judge in this case modified Pacetti’s proposed order. For example, he deleted all of the paragraphs that would have awarded Pacetti primary residential responsibility. Also, the judge removed paragraphs that ordered Ginnell’s counsel to personally pay Pacetti’s attorney’s fees because of her misconduct. Third, the judge here participated actively in the hearing, several times asking questions of the witnesses. Fourth, the judge in this case made preliminary oral findings at the conclusion of the contempt hearing, ostensibly to guide the parties in drafting their proposed orders.
 
 See also Bryan v. Bryan,
 
 930 So.2d 693 (Fla. 3d DCA 2006) (rejecting claim that trial court’s final judgment violated Perlow).
 

 Finally, Ginnell asserts that the trial court abused its discretion in its revisions to the visitation schedule. Subsection 61.13(4)(c)6., Florida Statutes (2008), allows a court to, “upon the request of the parent who did not violate the time-sharing schedule, modify the parenting plan if modification is in the best interests of the child.” The parties presented evidence and argument concerning the child’s best interests at the hearings on Pacetti’s motion. The judge’s statements at the hearing and the language of the order demonstrate that he considered the child’s best interests. Although the testimony was disputed, the judge’s conclusion that unsupervised visitation was warranted was not an abuse of discretion, especially in light of his belief that Ginnell would not “facilitate and encourage a close and continuing parent-child relationship” with the child’s father. Ginnell’s wrongful conduct also justified the trial court’s decision to have her pay summer transportation costs and a doctor’s fees.
 
 See
 
 § 61.13(4)(c), Fla. Stat. (2008);
 
 Robinson-Wilson v. Wilson,
 
 932 So.2d 330 (Fla. 4th DCA 2006) (indicating that a court’s power to sanction under subsection 61.13(4)(c) “is triggered by the wrongful conduct of the custodial parent”).
 

 Affirmed.
 

 GROSS, C.J., TAYLOR and HAZOURI, JJ., concur.
 

 [1]
 

 . Because the trial judge has not made an attorney’s fee award, the ruling is not ripe for our determination and we do not consider its propriety.
 
 See Cancellari v. Rance,
 
 779 So.2d 373 (Fla. 2d DCA 2000);
 
 Winkelman v. Toll,
 
 632 So.2d 130 (Fla. 4th DCA 1994) (“We have held in other cases that orders granting attorney’s fees without determining amount are not ripe for appellate review.” (Citations omitted)).