FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

Case No. 5D2024-1416
LT Case No. 2014-DR-030265
_____

KELLY LETT,

    Appellant,

    v.

JEREMY LETT,

    Appellee.

_____


On appeal from the Circuit Court for Brevard County.
Jigisa Patel-Dookhoo, Judge.

Elizabeth Siano Harris, of Harris Appellate Law Office, Mims, for
Appellant.

Jeremy Lett, Palm Bay, pro se.


April 4, 2025

SOUD, J.

    In this long-enduring divorce case with a tortured history of
animus, judicial findings of obstinance, and an established record
of one parent's conduct adverse to the interest of three children,
Appellant Kelly Lett appeals the trial court's order finding her in
contempt of court for her failure to comply with the parenting plan
entered in the underlying final judgment of dissolution of
marriage. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.;
Fla. R. App. P. 9.030(b)(1)(A). We affirm in part the trial court's

order to the extent it finds Kelly Lett in contempt of court and awarded both extensive make-up timesharing and attorney's fees to the former husband, Appellee Jeremy Lett. However, we reverse in part the portion of the order that pre-emptively imposes a daily fine against Kelly Lett for future noncompliance with timesharing requirements.

## I.

After their marriage in 2005, Kelly Lett and Jeremy Lett were divorced in October 2015. Pertinent here, the final judgment of dissolution of marriage established a parenting plan, which provided for shared parental responsibility and 50-50 timesharing for each parent with their three minor children.

In the years since, Jeremy Lett has filed numerous motions for contempt, seeking enforcement of the parenting plan and alleging that Kelly Lett has frustrated his timesharing with the children. Since 2015, several orders have been entered by different presiding judges finding Kelly Lett in contempt of court for her persistent refusal to honor the parenting plan.

Most recently, Jeremy Lett filed his "Emergency Motion for Contempt and Enforcement." Relevant to the issues before us, the motion requested, *inter alia*: (1) the trial court find Kelly Lett in willful contempt; (2) provide Jeremy Lett uninterrupted make-up timesharing; (3) award him the attorney's fees incurred in seeking contempt and enforcement; and as is customary, (4) "any further relief the trial court deemed appropriate." No request for any sort of fine or other punitive sanction against Kelly Lett was made.

In its amended order granting the motion, the trial court found Kelly Lett in willful contempt of court for her "continued behavior, and disregard of the parenting plan," as well as for her "instigating conflict" and "[unilateral interference] with [Jeremy Lett's] timesharing." As requested in the motion, the trial court provided considerable make-up timesharing with the middle child[1]

---

[1] By the time the trial court was able to conclude the hearing on Jeremy Lett's emergency motion and render the order on appeal, the oldest child had turned 18 years old. As a result, the trial court determined it no longer had jurisdiction over that child.

and awarded $19,693.46 in attorney's fees,[2] concluding that Kelly Lett had the ability to pay Jeremy Lett's fees.

Further, the trial court specifically found that Kelly Lett "continues to defy court orders and enables the child's behavior towards [Jeremy Lett] to interfere with his timesharing. [Kelly Lett] has not followed this Court's prior orders and as such the Court must take further steps to enforce its own Orders." Thus, relying upon the motion's catch-all request for any further relief deemed appropriate, the trial court ordered that if any provided timesharing was missed, Kelly Lett would be required to pay a fine of $25.00 per day for each day missed and set the time(s) by which such fine(s) were to be paid.

This appeal followed.[3]

---

Additionally, the trial court expressly declined to address make-up timesharing for the youngest child. As a result, make-up timesharing was ordered for Jeremy Lett with the middle of the three children only.

[2] Jeremy Lett's motion was filed after Kelly Lett filed her "Verified Urgent Motion to Suspend Timesharing and Motion for Child Testimony," wherein she alleged a substantial disagreement between Jeremy Lett and the two older children. Jeremy Lett disputed the nature and severity of the alleged dispute. Kelly Lett's motion was ultimately denied by the trial court. The trial court further determined that Jeremy Lett's request for attorney's fees in defending against Kelly Lett's motion would be heard at the time his pending emergency motion giving rise to this appeal was heard. Ultimately, the trial court awarded Jeremy Lett $11,599.45 for fees incurred in defending against Kelly Lett's motion and $8,094.01 for fees incurred in support of his emergency motion for contempt and enforcement.

[3] After Kelly Lett filed her initial brief, Jeremy Lett, who is unrepresented before this Court, did not file an answer brief.

3

## II.

We review the trial court's order granting Jeremy Lett's contempt motion for abuse of discretion. *See Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023). The trial court's factual findings supporting its adjudication of contempt must be based on competent substantial evidence. *See Varner v. Varner*, 356 So. 3d 312, 313 (Fla. 5th DCA 2023). Finally, we review de novo whether a party was afforded due process. *See Babcock New Haven, LLC v. Teimouri*, 392 So. 3d 166, 168 (Fla. 5th DCA 2024).

## A.

There is sufficient evidence in the record before us supporting the trial court's findings that Kelly Lett persisted in her defiance of court orders by interfering with Jeremy Lett's timesharing with the minor children. As a result, the trial court was well within its discretion to hold Kelly Lett in contempt and award Jeremy Lett make-up timesharing and his attorney's fees.

Addressing the $19,693.46 in attorney's fees awarded to Jeremy Lett, Kelly Lett contends the trial court erred because it did not consider Jeremy Lett's need for the award of fees, as required by section 61.16(1), Florida Statutes (2023). We disagree because her argument in this regard overlooks section 61.13(4)(c)2.

Section 61.16(1) broadly allows a trial court "from time to time" to award attorney's fees in "any proceeding under [Chapter 61], including enforcement and modification proceedings and appeals" after the trial court has considered "the financial resources of both parties." § 61.16(1), Fla. Stat. Importantly, the purpose of section 61.16 "is 'to ensure that both parties have similar access to competent legal counsel.'" *Haslauer v. Haslauer*, 381 So. 3d 662, 665 (Fla. 1st DCA 2024) (quoting *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997)). Under this provision, the trial court may grant fees to a requesting spouse only after the trial court has weighed the need of the party requesting fees together with the ability to pay of the party from whom fees are sought.

Section 61.13(4)(c)2., however, which expressly authorizes an award of attorney's fees and costs in cases where one parent wrongfully interferes with the timesharing of the other, provides:

4

When a parent refuses to honor the time-sharing schedule in the parenting plan without proper cause, the court:

. . . .

[m]ay order the parent who did not provide time-sharing or did not properly exercise time-sharing under the time-sharing schedule to pay reasonable court costs and attorney's fees incurred by the nonoffending parent to enforce the time-sharing schedule.

§ 61.13(4)(c)2., Fla. Stat.

Sections 61.13(4)(c)2. and 61.16(1) are *in pari materia* in that each relates to an award of attorney's fees in family law cases. Thus, we read the provisions together and interpret them in a manner to harmonize the statutes and give full force and effect to the statutory system enacted by the Legislature. *See 1944 Beach Boulevard, LLC v. Live Oak Banking Co.*, 346 So. 3d 587, 593 (Fla. 2022) (citing *Fla. Dep't of State v. Martin*, 916 So. 2d 763, 768 (Fla. 2005)); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 252 (2012) ("Several acts *in pari materia*, and relating to the same subject, are to be taken together, and compared in the construction of them, because they are considered as having one object in view, and as acting upon one system." (quoting James Kent, *Commentaries on American Law* 433 (1826))).

Section 61.13(4)(c)2.—focused in its scope to when a parent fails to abide by timesharing provided in a parenting plan—authorizes a trial court to award fees against an offending parent. Unlike section 61.16(1), nothing in the statute mandates or even contemplates consideration of the parties' financial resources. Rather, section 61.13(4)(c)2.'s grant of authority to award fees is triggered by the unjustified conduct of the offending parent and not any need of a non-offending parent. *See Robinson-Wilson v. Wilson*, 932 So. 2d 330, 331 (Fla. 4th DCA 2006). As a result, the trial court's prerogative to award fees for interference with timesharing exists "outside" section 61.16(1) and its requirement to consider the financial resources of the parties. *See id.* Simply

5

stated, the need-and-ability-to-pay analysis born of section 61.16(1) does not apply. *See Ford v. Ford*, 153 So. 3d 315, 319–20 (Fla. 4th DCA 2014) (quoting *Robinson-Wilson*, 932 So. 2d at 331).

Further, for this Court to engraft into section 61.13(4)(c)2. the need-and-ability analysis required by section 61.16(1) would result in our adding to the plain language of section 61.13(4)(c)2. and render the latter provision surplusage and nothing more than a mere repetition of the authority and requirements provided in 61.16(1). This we will not do, since, when interpreting statutes, Florida courts construe statutes in a manner to avoid rendering a word, phrase, or provision of a statute mere surplusage. *See Ingwell v. Ibrahim*, 394 So. 3d 1184, 1185 (Fla. 4th DCA 2024).

With this understanding, we turn to the order before us. Sufficient evidence exists in the record to support the trial court's conclusion that Kelly Lett continued her years-long pattern of unilateral interference with Jeremy Lett's timesharing by enabling the children's behavior towards him. Her persistent hindrance of Jeremy Lett's timesharing—rightly determined by the trial court to be without justification or cause—falls squarely within the confines of section 61.13(4)(c)2. and its authorization that the trial court require she pay the attorney's fees Jeremy Lett incurred seeking his timesharing with their children. The need-and-ability-to-pay analysis born of section 61.16(1) simply does not apply to this case involving Kelly Lett's non-compliance with the parenting plan. *See Ford*, 153 So. 3d at 319–20 (quoting *Robinson-Wilson*, 932 So. 2d at 331). As a result, we affirm the trial court's award of $19,693.46 in attorney's fees to Jeremy Lett.

B.

However, we reverse the portion of the trial court's order that pre-emptively imposed a daily $25.00 fine for each missed day of timesharing awarded to Jeremy Lett because the trial court imposed the fine in the absence of any such request from Jeremy Lett.

Due process requires that matters decided by a trial court must be raised in an appropriate motion or pleading and heard at a duly noticed hearing. *See Eadie*, 363 So. 3d at 1117 (citing *Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC*, 75 So. 3d 865, 871

6

(Fla. 2d DCA 2011); *Mizrahi v. Mizrahi*, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004)). Ultimately, "a court violates due process when it awards a remedy that a party did not seek." *Eadie*, 363 So. 3d at 1117.

In this case, Jeremy Lett's motion asked the lower court to hold Kelly Lett in contempt of court and sought make-up timesharing, attorney's fees, and "any further relief the trial court deemed appropriate." There is no request for a fine or other punitive sanction for future missed timesharing, and such was not argued or discussed at the hearing. As a result, notions of due process prohibit ordering this unrequested relief.

The trial court's reliance upon the customary catch-all request for "any further relief the trial court deemed appropriate" does not salvage this portion of the order. Therefore, the trial court's imposition of the $25.00 per day pre-emptive fine constitutes reversible error. *See Abbott v. Abbott*, 98 So. 3d 616, 617–18 (Fla. 2d DCA 2012) ("To grant unrequested relief is an abuse of discretion and reversible error.") (citations omitted).

### III.

Accordingly, we AFFIRM IN PART the trial court's order finding Kelly Lett in contempt of court and awarding Jeremy Lett both makeup timesharing and attorney's fees. However, because the trial court failed to afford due process to Kelly Lett as to the imposition of a fine, we REVERSE IN PART the contempt order to the extent it imposes a pre-emptive daily fine for future non-compliance with timesharing requirements.

It is so ordered.

EDWARDS, C.J., and MAKAR, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____